## IN RE ESTATE OF LUCIA S. ANNIS.

**TAXATION**: Inheritance Tax—Exemption. That clause of Sub. (c) of Sec. 5, Ch. 38, 39 G. A., which provides that, "if an estate tax * * * was collected from such estate," means (if it means anything) the same as though it read, "if an *inheritance* tax * * * was collected from such *share* of the estate." This subsection inaccurately expresses the idea that inheritance taxes will not be imposed oftener than once in two years upon the passing of the same property in successive inheritances.

**TAXATION**: Inheritance Tax—Burden in re Exemption. An heir has the burden to show that his inheritance is exempt from an inheritance tax.

*Appeal from Mitchell District Court.*—C. H. KELLEY, Judge.

MARCH 13, 1923.

IN the district court, this was a somewhat informal proceeding brought by the executors of the estate of Lucia S. Annis, to determine judicially the liability of the executors and the beneficiaries of the estate to inheritance taxes upon its successions. Notice was served upon the treasurer of state, for whom the attorney-general appeared and made an issue upon the contention of the executors as to the extent of liability for inheritance taxes. The contention of the executors was sustained by the district court, and the treasurer of state has appealed.—*Reversed and remanded.*

*Ben J. Gibson,* Attorney-general, and *B. J. Powers,* Assistant Attorney-general, for appellant.

*William H. Salisbury,* for appellee.

EVANS, J.—Lucia S. Annis died on April 9, 1921, intestate, leaving an estate of more than $75,000, and leaving her three children as her only heirs. Under the statute in force prior to

1. TAXATION: inheritance tax: exemption.

March 19, 1921, no inheritance tax would have been chargeable to any of these beneficiaries of this estate. On the date named, however, a new inheritance tax statute went into effect, supplanting the former collateral inheritance tax statute, and imposing an inheritance tax upon direct lineal heirs, as well as upon collateral heirs. This is Chapter 38, Acts of the Thirty-ninth General Assembly. Under this new statute, the share of each child of the decedent became subject to an inheritance or succession tax, unless the estate of the decedent and the shares thereof are exempt from such inheritance tax under one provision of such statute, presently to be set forth.

A large portion, if not the whole, of the estate of the decedent was acquired by her as her distributive share in the estate of her husband, who predeceased her by only a few weeks, and on February 17, 1921. The husband had died testate, and had bequeathed his entire estate to his lineal descendants, except the amount of $10,100, bequeathed by him to collateral beneficiaries. Under the statute in force at the time of the death of the husband, no beneficiary of his estate was chargeable with an inheritance tax, save the recipients of the $10,100. The liability of the beneficiaries of his estate was in no manner changed by the new statute. Though in form the old statute was repealed by the new, yet its provisions were re-enacted therein, to the extent of maintaining the *status quo* of tax liability under the old statute, as applied to pending estates of persons deceased prior to March 19, 1921. The executors of the husband's estate paid the collateral inheritance tax due from the collateral beneficiaries upon their respective successions. This circumstance is the basis of a claim of exemption now made in the estate of Lucia S. Annis, under a provision of the new statute.

Section 5 of Chapter 38 provides for certain deductions which may be made, as being exempt from the taxing operation of the statute. Subdivision (c) of said Section 5 is as follows:

"(c) An amount equal to the value at the time of the decedent's death of any property, real, personal or mixed, which can be identified as having been received by the decedent as a share in the estate of any person who died within two years prior to the death of the decedent, or which can be identified as having been acquired by the decedent in exchange for property so received, if an estate tax under this act was collected from such estate, and if such property is included in decedent's gross estate."

Under the general provisions of the act in question, the respective shares taken by inheritance by the heirs of Mrs. Annis would be liable to an inheritance or succession tax, unless their inheritance comes under some exempting provision of such act. The burden of showing the exemption or exception is upon the appellees. They put their reliance upon Subdivision (c) of Section 5, as above quoted.

2. TAXATION: inheritance tax: burden in re exemption.

The broad question presented is, therefore, whether said Subdivision (c) is by its terms effective to work an exemption of the direct inheritances in this estate from the operation of the affirmative provisions of the act. These affirmative provisions are found in Section 2 of the act. They impose a tax upon any and all property in the jurisdiction of this state which shall pass to any person under the statutes of inheritance.

The consideration of Subdivision (c) of Section 5, as working an alleged exemption to the appellees, presents three preliminary questions:

(1) Was an "estate tax" collected from the estate of J. W. Annis?

(2) Was an inheritance tax collected "from such estate" of J. W. Annis?

(3) Was there an inheritance tax collected from the estate of J. W. Annis "under this act?"

It will be noted from a consideration of the foregoing Subdivision (c) that it is somewhat inaccurate in its use of terms, and that it does not clearly or aptly express the legislative in-

tent. The word "tax," as herein used, refers to an *inheritance* tax. This is rendered plain from the context and from the act as a whole. We must, therefore, so construe it.

Taking up our first question, was there an *estate* tax imposed upon or collected from the estate of J. W. Annis?

There is no such thing as an "estate tax," so far as this relates to an inheritance tax. There can be no such thing under our present statute, and could be no such thing under our previous statute. Inheritance taxes, under our statutes, are not, and cannot be, imposed upon an *estate* or upon its property. If a statute should purport to impose such a tax, it would be held invalid, as a violation of the Constitution. This has been our uniform holding for many years. Our cases on this subject are collated, and pronouncements therefrom are quoted, in *Eddy v. Short,* 190 Iowa 1376. It necessarily follows that such taxes are not and cannot be collected from the *estate,* as such. They are imposed upon the succession, and upon the right to take by succession. They are collected from the heir or beneficiary who thus takes by right of succession. The statute makes it the duty of the administrator or executor to charge the amount of such tax against the share of such beneficiary, and to pay the same to the state. The amount of the share which is paid to the beneficiary is diminished accordingly. It necessarily follows that no inheritance tax was ever imposed upon the *estate* of J. W. Annis, nor was any ever *collected from such estate,* even though it be true that collateral inheritance taxes were imposed upon the shares of certain collateral beneficiaries, and even though such taxes were paid by the executors of the estate, pursuant to the statute, and were accordingly charged against the shares of such collateral beneficiaries. The statutory use, therefore, of the word "estate" in this connection adds nothing to the statute, and fortunately takes nothing away therefrom. Notwithstanding this verbal inaccuracy, the legislative intent is clearly manifest in the context. This Subdivision (c) deals with an estate of a beneficiary of a prior estate, and the clause under consideration has reference to a succession taken from such former estate. The condition of its present exemption is that a tax should have been collected on such former succession. Ignoring the use of the word "estate" in the clause under con-

sideration, as being meaningless, the clause would read: "If an *inheritance* tax under this act was collected from such *share* of the estate." Unless this clause can fairly be construed to this effect, then it must be construed as without meaning. The appellees could gain nothing by the latter alternative. If the clause means nothing, the exemption fails. The manifest purpose of this exemption is to say, in substance, that inheritance taxes will not be imposed oftener than once in two years upon the passing of the same property in successive inheritances.

This answers our first two questions. We have no occasion to deal with the third.

It might be an interesting question whether any inheritance tax was imposed even upon the collateral bequests of J. W. Annis *"under this act."*

Sufficient now to say that the share which Mrs. Annis took in the estate of her husband was not charged with any inheritance tax, either "under this act" or under the previous statute, and that, therefore, no inheritance tax was collected thereon. Subdivision (c), therefore, has no application to her estate or to any part thereof. Her property passes to her direct heirs, subject to the inheritance taxes imposed by Section 2 of the act. It follows that the order of the trial court must be reversed.— *Reversed and remanded.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.