IN RE ESTATE OF SERINA NILSON.

**TAXATION:** Inheritance Taxes—Dual Tax Within Two Years—How Computed. A daughter is not deemed to pay any inheritance tax on the first $15,000 taken by her under her father's will. (Sec. 7313, Code of 1924.) She is deemed to pay only on the *excess* over said sum. For example, where a daughter took ·some $18,800, and the tax was computed on the basis of $3,800, and where she died within two years after the death of her father, leaving the entire $18,800 to a brother, held that $15,000 of the amount was not exempt from an inheritance tax. (Sec. 7317, Par. 3, Code of 1924.)

Headnote 1:   37 Cyc. pp. 1566 (Anno.), 1569.

*Appeal from Calhoun District Court.*—M. E. HUTCHISON, Judge.

JUNE 25, 1925.

REHEARING DENIED APRIL 9, 1926.

APPLICATION on behalf of the estate of Serina Nilson, deceased, for an order exempting the estate from the imposition of an inheritance tax on the ground that an inheritance tax had already been levied and collected by the state of Iowa upon the identical property within a period of two years next preceding the death of Serina Nilson, from whom the appellee had inherited said property. The trial court determined that the estate was not subject to the tax sought to be imposed by the treasurer of state of the state of Iowa, and entered a decree in conformity to the finding. The treasurer of state appeals.—*Reversed.*

*Ben J. Gibson,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, *B. J. Powers,* and *Marion R. McCaulley,* for appellant.

*E. C. Stevenson* and *Gillespie & Canfield,* for appellee.

EVANS, J.—The facts are stipulated. One James Nilson died April 20, 1921, leaving his estate to his two children, Serina and Nicholas. The net value of the share of Serina was

$18,842. Under Chapter 38 of the Acts of the Thirty-ninth General Assembly, she became chargeable with a direct inheritance tax of 1 per cent on $3,842 of her share, being the excess over and above $15,000; and such tax was paid by her, or paid in her behalf. On April 21, 1922, Serina died intestate, leaving her brother Nicholas as her only heir. As such heir, Nicholas took the entire interest of Serina in the estate of her father.

Section 5 of Chapter 38, Acts of the Thirty-ninth General Assembly, provides as follows:

"There shall be deducted from the gross value of the estate as fixed by the inheritance tax appraisers appointed under the provisions of this act, or as fixed by the court, the debts defined as follows: * * * (c) An amount equal to the value at the time of the decedent's death of any property, real, personal or mixed, which can be identified as having been received by the decedent as a share in the estate of any person who died within two years prior to the death of the decedent, or which can be identified as having been acquired by the decedent in exchange for property so received, if an estate [inheritance] tax under this act was collected from such estate [share], and if such property is included in decedent's gross estate."

The bracketed words included in the foregoing are ours, and are inserted by us as indicating the construction of the terms of the statute which was adopted by us in the case of *In re Estate of Annis,* 195 Iowa 493.

Nicholas, who is the administrator of Serina's estate, contends that he is entitled to take the succession to her estate free from any inheritance tax, because an inheritance tax was paid by Serina upon her succession from her father, and her death had occurred within two years after the death of her father. In other words, the case presented is one of two successions within two years. Is Serina to be deemed to have paid an inheritance tax on her *full* share in succession from her father, or is she to be deemed to have paid an inheritance tax only on that *part* of her share which was in excess of

$15,000? Section 4 of Chapter 38, Acts of the Thirty-ninth General Assembly, provides:

"The property, or any interest therein or income therefrom subject to the provisions of this act shall be taxed as herein provided. (a) When such property, interest or income passes to the wife or the husband of the deceased, in excess of the distributive share of such surviving spouse, grantor, donor or vendor, or to the father or mother or to any child of such decedent, grantor, donor or vendor, including a legally adopted child or illegitimate child entitled to inherit under the laws of this state the tax imposed shall be on the individual share so passing, and shall be as follows: One per centum on any amount in excess of fifteen thousand dollars ($15,000) and up to thirty thousand dollars ($30,000)."

The payment made under the first succession was pursuant to the foregoing.

The argument for the appellee is that the share of Serina under the first succession was indivisible, and that the tax collected was chargeable against *all* of it, although the basis of computation was limited to a *part* of it.

The argument for the appellant is that no tax was imposed or collected upon the first $15,000 of the first succession taken by Serina, and that only the surplus above $15,000 was charged with the tax, and that the tax was collected from such surplus, and not otherwise.

It is to be said that the literal terms of the statute will bear the construction contended for by the appellee and adopted by the trial court. We have had occasion heretofore to note the inapt terminology of this section. *In re Estate of Annis*, 195 Iowa 493. In the cited case, we put a construction upon some of these inapt terms, with a view of sustaining the efficiency and consistency of the statute and giving effect to its manifest purpose. _In other words, the terms of Section 5 are capable of a construction apparently literal, which would reduce the statute to inconsistency and incongruity. To adopt the construction contended for by the appellee would bring us into trouble in the next similar case, if the amount involved therein were only $15,000 or less, and *not more*. If Serina had taken in

the first succession $15,000, and no more, then manifestly Nicholas would now be chargeable with a tax upon the second succession thereof. Such was our holding in the *Annis* case, supra. Under the construction contended for by appellee, Nicholas would take a succession to $18,842 tax-free; whereas, if the amount had been $15,000 or less, he would be subject to tax on all of it. If, therefore, we should hold Nicholas to be entitled to take the *larger* sum tax-free, and should later be confronted with an identical case, except that the amount of the first succession was $15,000 or less, we should yet be required to hold that the *lesser* sum was not tax-free, but was subject to full taxation under the statute. Both results might be deemed warranted by the literal terms of the statute, and yet the diversity of result would approach absurdity.

The tax upon the first succession was imposed by Section 4 of the chapter in the following terms:

"One per centum *on any amount in excess of* $15,000."

This provision purports to charge a tax only upon the "excess" above $15,000. This is the section, and the only section, which operated upon the first succession. Does Section 5 of the chapter necessarily operate to enlarge the exemption to the second succession, beyond the terms of Section 4? It is urged by appellee that statutes imposing special taxation, such as this, are to be strictly construed in favor of the taxpayer. Let this be granted. Paragraph (b) of Section 4 in broad and sweeping terms charges the appellee with a tax upon this second succession. There is no ambiguity at this point, nor any opening offered to construe this paragraph against the state. Appellee must rely, and does rely, upon the exempting provision of Section 5. There is no rule of construction that entitles him to any greater exemption than such as is expressly given by the statute. Sections 4 and 5 must be construed consistently with each other. So construing both of these sections, and having due regard to consistency of result in future cases, we think that these two sections should be construed to the following effect:

(1) That, under the first succession, Serina was taxed on $3,842, and no more.

(2)   That, under the second succession, Nicholas is entitled to an exemption from tax to the extent of $3,842, and no more.

This conclusion enables a consistent result in all cases, regardless of whether the amount of the first succession was either more or less than $15,000.   We think also that this conclusion is consistent with the manifest spirit and purpose of the statute, though the literal terms thereof have not been discriminately worded.

It follows that the order of the district court must be and is reversed.—*Reversed.*

STEVENS, ARTHUR, and VERMILION, JJ., concur.

FAVILLE, C. J., and DE GRAFF and ALBERT, JJ., dissent.

DE GRAFF, J. (dissenting)—This appeal is directed to the following question: Is a collateral heir entitled to have deducted from the gross value of an estate on which an inheritance tax is sought to be imposed, an amount equal to the value of an estate inherited by him from a direct heir who received said estate from an ancestor who died within two years prior to the death of the direct heir, on which estate so received an inheritance tax was collected, and which estate was included in the gross estate of the first taker? The answer must be found in the statute of Iowa governing the imposition of a collateral inheritance tax. The majority opinion answers the question in the negative. The minority make answer in the affirmative.

Statutory interpretation is involved. The facts are not in dispute. The law governing inheritance tax is a complete code in itself (Chapter 38, Acts of the Thirty-ninth General Assembly), and there is nothing in the act differentiating between direct and collateral inheritance that has any material bearing on the question presented on this appeal. A court is not privileged to read into the statute by implication a meaning that is not warranted by the context. All heirs who come within the provision of the law in question are entitled to the relief given. The amount of property to be taxed and the quan-

tum of exemption given to a person is entirely within legislative discretion and direction. Inheritance tax laws make discrimination between relatives and between them and strangers, and grant exemptions without denying the equal protection of the laws. *Magoun v. Illinois Tr. & Sav. Bank,* 170 U. S. 283.

In the instant case, the particular tax paid the state of Iowa by Serina Nilson was the full succession tax, and it was paid upon the whole of the inheritance received by her, and cannot be viewed as a tax on any aliquot part thereof. It is quite the universal rule that an inheritance tax is not an estate tax, but it is a tax upon succession. It is not collected from the estate as such, but is imposed upon the succession, and is collected from the heir or beneficiary who thus takes by right of succession. *Eddy v. Short,* 190 Iowa 1376; *In re Estate of Thompson,* 196 Iowa 721. The statute in question provides for a deduction to be made in an amount equal to the value of the estate received by the decedent, and as fixed at the time of his death, provided that the property can be identified as having been received by the decedent as a share of the estate of a person who died within two years prior to the death of said decedent, and provided further that an inheritance tax was collected from such share of the estate and the property was included in the gross estate of the decedent. Serina Nilson is the decedent, within the contemplation of the statute. Her ancestor was her father, James Nilson. Both the ancestor and the heir died within the two-year period contemplated by statute. The property that passed in succession from Serina to her brother and heir is identified as having been received by the decedent Serina from her father. It was included in the gross estate of the decedent Serina. An inheritance tax was collected from the estate of James Nilson upon its succession to Serina. These facts not being in dispute, it would appear, under the terms of the statute, that the collateral heir, Nicholas, was entitled to deduct from the gross value of the estate, as fixed by the inheritance tax appraisers, an amount equal to the value of the property received by him as the collateral heir of Serina Nilson.

In my opinion, the decree of the trial court is in con-

formity to the language of the law in question, and recognized and effectuated the legislative intent. I would affirm.

FAVILLE, C. J., and ALBERT, J., join in the dissent.