[L. A. No. 9339. In Bank.—April 2, 1927.]

In the Matter of the Estate of SARAH EVAN LETCH-WORTH, Deceased. RAY L. RILEY, State Controller, Respondent, v. WILLIAM PRYOR LETCHWORTH, Appellant.

[1] INHERITANCE TAX—WIFE'S ESTATE—HUSBAND'S ESTATE.—Where property in the estate of a deceased widow was received from the estate of her deceased husband within five years from the date of the death of the widow, under subdivision 2 (b) of section 6 of the Inheritance Tax Act in appraising the value of such property for the purpose of determining the inheritance tax thereon the sum of $24,000 allowed the widow as an exemption in her husband's estate should not be deducted from the appraised value of the property.

[2] ID.—TAX ON TRANSFER.—It is well settled in this state, as well as in other jurisdictions where the laws provide for the collection of an inheritance tax, that the tax imposed by the inheritance tax statute is on the transfer of the property or on the right to succeed to the property rather than on the property itself.

[3] ID. — CONSTRUCTION OF STATUTE — TAX ON EXCESS OVER EXEMPTION.—From a consideration of various provisions of the Inheritance Tax Act it is apparent that it was the intention to impose the tax only upon transfer of the excess over the exemptions and paid upon the remainder of the property after deducting the exemptions.

[4] ID.—STATUTORY CONSTRUCTION.—If the intention of the legislature is clearly apparent from the language of the statute, it should be

2. See 24 Cal. Jur. 421; 26 R. C. L. 196.
3. See 24 Cal. Jur. 441.
4. See 103 Cal. Jur. 721; 25 R. C. L. 957.

given its true meaning as indicated by such language, even though the result might be unjust or even absurd; but where no such clear intent is to be found in the statute, but, on the other hand, the statute as a whole can be reasonably construed in favor of just and equal results, it is the duty of the court. to adopt such construction.

(1) 37 Cyc., p. 1571, n. 89 New.   (2) 37 Cyc., p. 1553, n. 60.   (3) 15 C. J., p. 926, n. 48; 37 Cyc., p. 1559, n. 95 New.   (4) 36 Cyc., p. 1107, n. 31, 32, p. 1111, n. 68, 71, p. 1112, n. 72; 37 Cyc., p. 1556, n. 77.

APPEAL from an order of the Superior Court of Los Angeles County fixing an inheritance tax.   Frank R. Willis, Judge.   Reversed.

The facts are stated in the opinion of the court.

V. Lewis Kaye for Appellant.

Heaney, Price & Postel and Atwell Westwick, *Amici Curiae.*

Erwin P. Werner, Adrian C. Stanton, George S. Dennison and Wesley C. Martin for Respondent.

CURTIS, J.—This appeal is from an order of the superior court of the county of Los Angeles fixing the inheritance tax to be paid by the devisees under the last will and testament of Sarah E. Letchworth, deceased.   Sarah E. Letchworth was the surviving wife of Pierre E. Letchworth and the sole devisee under his will.   Pierre E. Letchworth died June 1, 1924.   His will was admitted to probate in the superior court of the county of Los Angeles and his estate was administered upon in said court.   Pending the settlement of her deceased husband's estate, and on April 16, 1925, the said Sarah E. Letchworth died, leaving two sons as her sole devisees.   Her will was also admitted to probate · in said superior court and letters testamentary issued thereon.   Upon the final settlement of the estate of Pierre E. Letchworth, deceased, the property belonging to said estate was distributed to the estate of Sarah E. Letchworth, deceased, and upon the final settlement of the latter estate the property belonging thereto was distributed to her two

sons as her sole devisees. The property of the estate of Pierre E. Letchworth, deceased, was appraised at $99,033.93. The expenses of administration, the debts of said deceased, and such other charges as were necessary to close said estate amounted to the sum of $11,546.31. The latter sum deducted from the total appraised value of said estate left $87,487.62 as the net value of the property of said estate. From this amount was deducted the sum of $24,000, the exemption allowed by the statute to the surviving wife. The amount remaining, the sum of $63,487.62, was the amount upon which an inheritance tax was actually paid in the estate of Pierre E. Letchworth, deceased. Due to the fact that the property left by the said Pierre E. Letchworth, deceased, was income producing, the amount of property actually distributed in the estate of Pierre E. Letchworth, deceased, as appraised in said estate was $93,638.44. This property was distributed to the estate of Sarah E. Letchworth, deceased, and was appraised in the latter estate at the sum of $102,190.44. In computing the tax to be paid by the heirs of said Sarah E. Letchworth, deceased, the inheritance tax appraiser in said estate fixed the value of the property distributed to said estate upon which a tax had been actually paid in the estate of Pierre E. Letchworth, deceased, at the sum of $65,510.77, which amount was found to be exempt from inheritance tax in the Sarah E. Letchworth estate under subdivision 2 (b) of section 6 of the Inheritance Tax Act (Stats. 1921, c. 821). It is not necessary for any purpose in this proceeding to discuss the method by which the inheritance tax appraiser arrived at the above result, except to state that in arriving at this result, among the deductions made by him from the appraised value of the property to which the estate of Sarah E. Letchworth, deceased, succeeded from the estate of Pierre E. Letchworth, deceased, was the sum of $24,000, being the exemption allowed the wife under said statute. Upon the report of the inheritance tax appraiser the court fixed the tax to be paid by the heirs of Sarah E. Letchworth, deceased, and in accordance with said report, and it is from this order that this appeal has been taken. It is conceded by respondent herein that said computation was erroneous in certain respects and that the amount of property distributed to the estate of Sarah E. Letchworth, deceased,

from the estate of Pierre E. Letchworth, deceased, upon which a tax had been paid in the estate of Pierre E. Letchworth, deceased, and which was therefore exempt from tax in the estate of Sarah E. Letchworth, deceased, under said statute, was the sum of $78,190.94 instead of $65,510.77 as fixed by said inheritance tax appraiser. This amount was obtained by deducting from said sum of $102,190.94, the appraised value in the estate of Sarah E. Letchworth, deceased, of the property distributed to said estate from the estate of Pierre E. Letchworth, deceased, the sum of $24,000, the exemption allowed the surviving wife under said statute. [1] The principal controversy in this proceeding from its inception, and the only one now remaining after the concession of respondent just referred to, involves the right to deduct said sum of $24,000 from the appraised value of the property distributed from the estate of the husband to the estate of the wife for the purpose of determining the amount of property belonging to the wife's estate, which is exempt from an inheritance tax. The respondent contends that said deduction was proper and allowable under the terms of the statute and the amount of the exempt property coming from the husband's estate to the wife's estate was the sum of $78,190.94 only. Appellant, on the other hand, insists that said deduction should not be made and that no tax whatever should be paid by the devisees under the will of Sarah E. Letchworth, deceased, upon any part of said sum of $102,190.94 coming to her estate from that of her deceased husband.

The solution of this controversy depends upon the construction to be given to subdivision 2 (b) of section 6 of the Inheritance Tax Act already referred to and which reads as follows: "All property transferred by a decedent to any person described in the first subdivision of section four, providing the same was transferred to such decedent not more than five years prior to his death by another decedent of the class described in the first subdivision of section four, and a tax paid thereon, shall be exempt."

The persons "described in the first subdivision of section four," mentioned above, are "husband, wife, lineal ancestor, lineal issue of the decedent," etc. The facts in this case bring it squarely within the terms of subdivision 2 (b) of said section 6. The property on which it is sought to

collect a tax from the devisees under the will of Sarah E. Letchworth, deceased, was acquired by her by will from her husband within five years prior to her death and by her will this same property was devised to her two adult sons. Was all this property exempt from inheritance tax in the second or the wife's estate or was only that portion of it exempt from tax which was not exempt from an inheritance tax in the estate of the deceased husband? In other words, was the exemption of $24,000 which the statute gave to Mrs. Letchworth as the surviving wife of her husband exempt also from an inheritance tax upon its transfer by her will to her two sons?

[2] It is well settled in this state, as well as in other jurisdictions where the laws provide for the collection of an inheritance tax, that the tax imposed by the inheritance tax statute is on the transfer of the property or on the right to succeed to the property rather than on the property itself (*In re Wilmerding*, 117 Cal. 281 [49 Pac. 181]; *McDougald v. Low*, 164 Cal. 107 [127 Pac. 1027]; *Estate of Potter*, 188 Cal. 55 [204 Pac. 826]; *Estate of Bodwitch*, 189 Cal. 377 [23 A. L. R. 735, 208 Pac. 282]; *Estate of Watkinson*, 191 Cal. 591 [217 Pac. 1073]).

Appellant argues, therefore, as the tax was on the transfer of the property and not on the property itself, that when the tax was paid by the Sarah E. Letchworth estate on the property transferred to it from the estate of Pierre E. Letchworth, deceased, it was paid upon the transfer of all of the property received by said estate of Sarah E. Letchworth, deceased, including that which was exempt from tax as well as that which was subject to tax. Accordingly, appellant insists that the tax having been paid on the transfer of all of said property from the Pierre E. Letchworth estate under subdivision 2 (b) of said section 6 all of said property was exempt from tax in the Sarah E. Letchworth estate. Referring to said subdivision of the section and eliminating certain words therein for the present, we find the following language: "All property transferred by a decedent to any person . . . not more than five years prior to his death by another decedent . . . and a tax paid thereon, shall be exempt." This, without doubt, means that all property transferred under the conditions therein mentioned, on which transfer a tax had been paid,

shall be exempt. Was the tax in the Pierre E. Letchworth estate paid on the transfer of all of the property transferred therefrom to his wife's estate or was it paid on the transfer of only that part thereof which was not exempt from tax? Appellant contends that the section above quoted clearly and unmistakably provides that the tax was paid on all of said property. We are not entirely convinced that this meaning clearly appears from the language used or that it so appears at all. To say the least, the meaning of the section just quoted may be said to be somewhat obscure. By reference, however, to other sections of the statute the meaning of the one under consideration may be clarified to some extent. For instance, section 2 of the act provides: "A tax shall be and is hereby imposed upon the transfer of any property, real, personal or mixed, or of any interest therein or income therefrom in trust or otherwise, to persons, institutions or corporations, not hereinafter exempted, to be paid to the treasurer of the proper county, as hereinafter directed, for the use of the state, *said taxes to be upon the market value of such property at the rates hereinafter prescribed and only upon the excess over the exemptions hereinafter granted,* . . . " This section indicates that the tax is imposed "upon the transfer . . . only upon the excess over the exemption." In subdivision 6 of section 6 of the act it is provided: "In computing the tax upon transfers subject to tax under the provisions of this act, *the exemptions in this section allowed shall be deducted from the aggregate amount of property transferred,* and the transfer of the *remainder of the property after making such deduction shall be taxed* at the rates at which it would have been taxed had no exemption whatever been allowed." (Italics ours.) By this provision of the act it appears that "the transfer of the remainder of the property after making such deduction (the exemption) shall be taxed at the rates," etc. Further reference might be made to other provisions of the act for the purpose of determining the meaning of the said subsection, but the above are sufficient, we feel, to demonstrate the fallacy of the position of appellant. [3] It must be apparent, we think, from the provisions of the statute above quoted that the tax is only imposed upon the transfer of the excess over the exemptions and paid upon the remainder of the property after deducting the

exemptions. This conclusion is in harmony with that reached by the supreme court of Iowa under a statute in many respects similar to our own (*In re Nilson's Estate,* 201 Iowa, 1033 [204 N. W. 244]). That case is criticised by appellant for the reason that it was decided by a divided court, and for the further reason that it was based upon a misconception of an earlier case of said court and upon which the court relied in deciding the Nilson case. Neither of these reasons in our opinion destroys the persuasive effect of the latter case.

There is another consideration which we think should be referred to in holding that the construction of said statute contended for by appellant is erroneous, and that is, the nature of the consequences that would follow in some cases if appellant's construction of said statute should be accepted by the courts. This can be illustrated by referring to a supposed case mentioned in respondent's brief. A married man died, leaving as his sole devisee his wife, and property of the clear market value of $24,000. Upon the settlement of this estate this property passed to his wife, and, as its value did not exceed the exemption allowed the wife under the statute, she would pay no inheritance tax thereon. Thereafter and within five years after the property was transferred to her the wife died, leaving this same property to an adult child as her sole devisee. As no tax was paid on the transfer of this property to the mother, her devisee, it is admitted by appellant, would be required to pay an inheritance tax on the transfer of said property to said devisee, except such as might be exempt by reason of the child's relationship to its mother. On the other hand, if the value of the property belonging to the husband at the time of his death was of the value of $25,000, that is, $1,000 in excess of the exemption allowed the wife, then the wife on the transfer of said property to her would be required to pay a tax on such transfer to the extent of the rate fixed by law upon said sum, $1,000. Upon her death within five years after such transfer, leaving an adult child as her sole devisee and the property received by her from her husband's estate, then, according to appellant's contention, said devisee would not be required to pay any tax whatever on the transfer of any of said property received by the devisee from the mother for the reason that the mother had paid a

tax on the transfer of the property received by her from her husband's estate computed on $1,000 valuation over and above her exemption as wife. In the one case the heir would pay a tax on the transfer of the property computed on $24,000 and in the other the heir would pay no tax whatever, although in the latter case the heir would receive a greater amount of property than in the former. Looking at these two supposed cases from the standpoint of the state and giving the statute the construction contended for it by appellant, in the first case no inheritance tax would be paid on the transfer from the husband to the surviving wife, but on the transfer from the mother to her adult child a tax would be computed on $14,000 ($24,000, less $10,000 exemption). In the second of the supposed cases, where the value of the property was $25,000, a tax would be paid on the transfer from the husband to the surviving wife, computed on $1,000, but on the transfer from the mother to her devisee, because a tax had been paid computed on $1,000 on the transfer of the property to the mother, no tax whatever would be paid by said devisee. The amount of taxes received by the state from the two transfers where the property was of the value of $24,000 would be $140. In the second of these cases, where the property was of the value of $25,000, the amount of taxes received by the state from the two transfers would be $10. We cannot attribute to the legislature an intention to accomplish such an unequal and unjust result. [4] Of course, if the intention of the legislature were clearly apparent from the language of the section, it should be given its true meaning as indicated by such language, even though the result might be unjust or even absurd. But where no such clear intent is to be found in the section, but on the other hand the statute as a whole can be reasonably construed in favor of just and equal results, it is the duty of the court to adopt such construction (*San Joaquin etc. Irr. Co.* v. *Stevinson*, 164 Cal. 221 [128 Pac. 924]; *In re Haines*, 195 Cal. 605 [234 Pac. 883]).

For the above reasons we are of the opinion that the action of the inheritance tax appraiser in including in the property subject to a tax in the estate of Sarah E. Letchworth, deceased, the $24,000 of property received from the estate of Pierre E. Letchworth, deceased, was correct, and

the order of the trial court in approving the report of the inheritance tax appraiser in that respect and fixing the tax in said estate, in so far as said order was based upon that part of said report, was proper. The other deductions made by said inheritance tax appraiser and which the respondent concedes to have been improper, the court approved, and to this extent the order fixing the tax in said estate was erroneous. For this reason the said order is reversed with directions to the lower court to fix the tax in said estate of Sarah E. Letchworth, deceased, in accordance with the views expressed herein. In so doing it will compute said tax on said amount of $24,000, but on no part of said sum of $78,190.94, property received by the Sarah E. Letchworth estate from the estate of Pierre E. Letchworth, deceased.

The tax to be paid by each of the sons of Sarah E. Letchworth, deceased, would, therefore, be computed as follows:

| | | | |
|---|---|---|---|
| One-half residue of property of estate after deductions for expense of administration .............. | $50,376.21 | | |
| One-half joint tenancy. | 12,500.00 | | Exempt by reason of tax paid |
| Total .......... | $62,876.21 | $39,095.47 | in estate of Pierre E. Letchworth, deceased. |
| | | 10,000.00 | Statutory exemption. |
| | | 904.50 | at 2 per cent..$ 18.09 |
| | | 12,876.21 | at 4 per cent.. 515.05 |
| | | | Total tax....$533.14 |

Langdon, J., Shenk, J., Richards, J., Seawell, J., Preston, J., and Waste, C. J., concurred.