KOMBST et al. v. UNITED STATES.
No. J–679.

Court of Claims.
Nov. 2, 1931.

Frederick Schwertner, of Washington, D. C. (Clarence W. De Knight, of Washington, D. C., on the brief), for plaintiffs.

Fred K. Dyar, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (William T. Sabine, Jr., of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The facts in this case, which were stipulated, disclose that the property of the plaintiffs was seized, confiscated, and impounded by the President of the United States, acting through the Alien Property Custodian and at the present time the corpus of the legacies is still held by him and cannot be returned to them until further legislative enactment by Congress. Trading with the Enemy Act, Oct. 6, 1917, c. 106, 40 Stat. 411, amended Act March 28, 1918, c. 28, 40 Stat. 459, 460; Act Nov. 4, 1918, c. 201, 40 Stat. 1020; Act July 11, 1919, c. 6, 41 Stat. 35; Act June 5, 1920, c. 241, 41 Stat. 977 (see 50 USCA Appendix § 1 et seq.).

What part, if any, has been returned to them, under the Act of March 4, 1923 (42 Stat. 1511, c. 285), and the Act of March 10, 1928 (45 Stat. 254, c. 167), the record does not disclose and is immaterial to the case before us. The Alien Property Custodian took over all the right, title, and interest of these plaintiffs in 1918 and has ever since remained in control and possession.

The tax in question was paid in October, 1918, by the executors of the estate after notice to them by the Custodian of the confiscation. Actual possession of the property by the Alien Property Custodian was had in 1922. Upon the notification to the executors by the Custodian, under the terms of the act, he succeeded to all the rights in the property to which the alien enemies were entitled as completely as if by conveyance, transfer, or assignment. Commercial Trust Co. v. Miller, 262 U. S. 56, 43 S. Ct. 486, 67 L. Ed. 858; Central Union Trust Co. v. Garvan, 254 U. S. 554, 41 S. Ct. 214, 65 L. Ed. 403. The funds have been ever since, and are now, in the possession and control, subject to the acts of Congress, of an agent of the defendant. The refund claim by the Custodian was not filed until January 7, 1926, eight years after the payment of the tax, and more than four years after the declaration of peace on July 2, 1921. The Commissioner of Internal Revenue rejected the claim on July 11, 1928. It is contended by the defendant that under section 1316 of the Revenue Act of 1921, amending section 3228, Rev. Stat. (26 USCA § 157), all claims for refund of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any sum alleged to have been excessive, must be presented to the Commissioner within four years after payment of such tax or sum. If this limitation of four years applies, the claim which has been filed by the Custodian cannot afford the basis of any refund, since it was filed subsequent to the expiration of the four-year period. Does the bar interposed by section 1316 apply to a refund claim filed by an agent of the government? There can be no question the executors could not have filed a claim for refund in behalf of alien enemies. Borovitz v. American Hard Rubber Co. (D. C.) 287 F. 368; Crawford et al. v. Wm. Penn, Fed. Cas. No. 3372, 6 Fed. Cas. 779; Sierra v. United States, 9 Ct. Cl. 224. The plaintiffs, being alien enemies, could not file a claim during the period of the war, and, since the declaration of peace in July, 1921, having no right to the corpus of the estate, could not file a claim for refund within the statutory period. Stoehr v. Wallace, 255 U. S. 239, 41 S. Ct. 293, 65 L. Ed. 604. It is unnecessary to decide whether the statute has ever begun to run against plaintiffs. If there is a refund allowed it must be paid to the Custodian, who is now in control of the corpus. Does the statute of limitations apply to the Custodian who holds the property of the plaintiffs, subject to the direction of the Congress? The Custodian is the representative of the Government.

In United States v. Nashville, C. & St. L. Ry. Co., 118 U. S. 120, 125, 6 S. Ct. 1006, 1008, 30 L. Ed. 81, it is held: "It is settled beyond doubt or controversy, upon the foundation of the great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided, that the United States, asserting rights vested in them as a sovereign government, are not bound by any statute of limitations unless congress has clearly manifested its intention that they should be so

bound." See, also, United States v. Whited & Wheless, 246 U. S. 552, 561, 38 S. Ct. 367, 62 L. Ed. 879.

In Du Pont de Nemours & Co. v. Davis, Director General of Railroad, 264 U. S. 456, 462, 44 S. Ct. 364, 366, 68 L. Ed. 788, the Supreme Court said: "In taking over and operating the railroad systems of the country, the United States did so in its sovereign capacity, as a war measure. * * * An action by the Director General to recover upon a liability arising out of such control is an action on behalf of the United States in its governmental capacity, * * * and, therefore, is subject to no time limitation, in the absence of congressional enactment clearly imposing it."

It is manifest the bar of the provision of section 1316 of the act of 1921 does not apply to the Alien Property Custodian, and therefore the refund claim was timely.

█ The next question which confronts us is whether the inheritance tax paid to the state of California is a charge against the estate, or against those who succeed to the estate. A similar question has been before the Supreme Court on several occasions involving the construction of the inheritance tax statutes of the state of New York (United States v. Mitchell, 271 U. S. 9, 46 S. Ct. 418, 70 L. Ed. 799), and of the state of Texas (Keith, Collector, v. Johnson, Administrator, 271 U. S. 1, 46 S. Ct. 415, 70 L. Ed. 795, 44 A. L. R. 1432). This court has had a case involving the construction of the inheritance tax statute of the state of Massachusetts. Merrill v. United States, 66 Ct. Cl. 136. In all of these cases it has been held that the tax is a charge against the estate, and therefore deductible in the estate tax return made to the federal government. We have carefully compared the statute of the state of California with the statutes of the other states involved in those cases. We can find no substantial differences. The value of the estate was fixed as of the time of the death of the testator; the tax is due and payable at the death of the decedent; the executors are made responsible for the payment of the tax; it must be paid in eighteen months, otherwise bond has to be given by the executors; no payment can be made to any heir or legatee until a receipt has been filed in court showing the payment of the tax; and other provisions are almost identical with the statutes of the states we have mentioned before. The decisions of the courts of California as to whether this is a transfer or a succession tax are somewhat

clouded. In one case, they determine it a transfer tax (Estate of Potter, 188 Cal. 55, 204 P. 826), in another, a succession tax, and in a third, a transfer and succession tax (Estate of Letchworth, 201 Cal. 1, 255 P. 195); but, all of the cases are uniform in holding that the amount of the tax is based on the value of the estate at the time of the death of the testator and that the impairment of the estate by the executors does not reduce the amount of the tax which must be paid on the gross value of the estate at the time of death. Estate of Hite, 159 Cal. 392, 113 P. 1072, 36 L. R. A. (N. S.) 303. We can see no difference between this statute and that held in the case of United States v. Mitchell, supra, the case of Keith, Collector, v. Johnson, Administrator, supra, and the case decided by this court, Merrill v. United States, supra. We are therefore of the opinion that the amount paid from the estate of Rosa von Zimmermann to the state of California was a charge against the estate and was deductible from the estate tax paid to the federal government and the refund claim should have been allowed by the Commissioner of Internal Revenue.

It is so ordered.