IN RE: ESTATE OF BEA HAYMAN

(No. 10868)

Submitted April 24, 1957. Decided May 28, 1957.

*W. W. Barron,* Attorney General, *Giles D. H. Snyder,* Assistant Attorney General, for plaintiff in error.

*Benjamin G. Reeder,* for defendant in error.

GIVEN, JUDGE:

On this writ of error granted to a judgment of the Circuit Court of Monongalia County, there is involved a question as to the legality of an inheritance tax deficiency assessment, made by the State Tax Commissioner against the estate of Bea Hayman, the widow of France Hayman. The answer to the question raised depends

on whether the estate of Bea Hayman is entitled to a deduction as to the value of certain property transferred from the estate of France Hayman, by virtue of his will, to Bea Hayman, before the imposition of a tax against her estate, France Hayman having died February 13, 1953 and Bea Hayman having died, testate, August 31, 1955, within three years of the death of her husband. The circuit court held that the estate of Bea Hayman was entitled to the deduction by virtue of the provisions of Code, 11-11-5, as amended. The pertinent provisions of that section read: "For the purpose of the tax there shall be deducted from the market value of the property transferred the value at which it was assessed for any inheritance or transfer tax paid to the State of West Virginia upon a transfer to the decedent at any time within three years prior to the death of the decedent. This paragraph shall apply only to transferees designated in subdivisions (a) and (b) of section two of this article."

France Hayman and Bea Hayman, at the time of his death, owned jointly and equally a parcel of real estate. The one half interest therein of France Hayman, by virtue of his will, passed to Bea Hayman. That interest was appraised as part of his estate at twenty thousand dollars. The market value of his estate, after deducting allowances, the "net amount transferred", was $18,729.-66, which sum was reduced to $3,729.66 by the deduction of the fifteen thousand dollar exemption allowed to the widow, as authorized by statute. The amount of the sum by which the inheritance tax against the estate of France Hayman was actually determined, therefor, was $3,729.66.

It is contended on behalf of the Bea Hayman estate that since the very property upon which an inheritance tax was imposed, the one half interest of France Hayman, within three years of the death of France Hayman, the amount at which the interest was so appraised and assessed, and tax paid, should be deducted from the appraised value of the estate of Bea Hayman, for the

purpose of arriving at the value of her estate on which the inheritance tax must be imposed. The contention of the tax commissioner is that since the tax assessed against the estate of France Hayman was based on a value of only $3,729.66, no greater sum can be allowed as a deduction under the provisions of the statute quoted in part above.

No West Virginia decision is cited, and we find none, attempting to answer the question raised. The tax commissioner contends that the question is answered by the holdings of *In re Nilson's Estate,* 201 Iowa 1033, 204 N. W. 244; *In re Annis' Estate,* 195 Iowa 493, 192 N. W. 245; and *In re Letchworth's Estate,* 201 Cal. 1, 255 Pac. 195. The statutes controlling in those cases may, we think, be given different meanings, revealing legislative intentions as to the nature of deductions allowable for assessment of inheritance taxes different than our own statute quoted in part above. We are also directed to the several principles of law usually followed as guides in the interpretation of statutes, where interpretation is permissible. We think, however, no interpretation of the controlling statute in the instant case is called for, but only an application thereof, as determined from plain language used therein. See 17 M.J., Statutes, Section 34.

Code, 11-11-1, as amended, contains the authority for the imposition of an inheritance tax. It provides that the tax "shall be imposed upon the transfer * * * of any property", whether in trust or otherwise. It is significant, we think, that the tax is imposed on the "transfer" and not on the property or on the several items or classes of property transferred. It seems not important that property of the estate may be made liable for the tax, that being merely a provision in aid of the collection of the tax. Neither is it important that the amount of the tax is governed, to some extent, by the existing relationship between the transferor and the transferee, or that the amount of the tax is affected by certain deductions and exemptions. Those are matters, perhaps, deemed necessary by the Legislature to make the tax on the "transfer" fair and equitable.

The further argument is made that the deduction of the full value of the property transferred from the estate of the husband can not be allowed, for the reason that the tax against the estate of the husband could not possibly have been included in the assessment against that estate, since the value of the one half interest in the real estate was much greater than the amount on which the tax against that estate was founded. As pointed out, however, the tax was "upon a transfer to the decendent" and not on any property, though the "market value" of the property, less authorized deductions and exemptions, was made the basis of the amount of the assessment, and the tax so assessed was paid. The tax was against the transfer of the whole estate and not merely against the value remaining after subtracting the total of deductions and exemptions.

In the instant case, however, it may be pointed out, the estate of the wife is entitled to only a deduction of one half of the "market value" of the interest transferred from the estate of the husband, as determined by the circuit court. That result is necessary because only a brother of decendent falls within the class of persons entitled to deductions as "transferees designated" in Code, 11-11-2, as amended.

The amendment of Code, 11-11-5, made by the Acts of the 1957 Legislature, can have no effect on the questions posed, since the effective date of the amendment was subsequent to the transfer upon which the tax was assessed.

The judgment of the Circuit Court of Monongalia County is affirmed.

*Affirmed.*