ESTATE OF KERMIT V. HAUGAN v. COMMISSIONER
OF TAXATION.

147 N. W. (2d) 387.

December 23, 1966—No. 40,153.

*Larkin, Hoffman, Daly, Lindgren & Danielson,* for relator.

*Robert W. Mattson,* Attorney General, and *Don G. Paterick,* Special Assistant Attorney General, for respondent.

THOMAS GALLAGHER, JUSTICE.

Kermit V. Haugan (hereinafter called decedent) died January 29, 1962, less than 5 years after receiving certain property from his father's estate upon which an inheritance tax was determined and paid. This property is includible in the property to be transferred from decedent's estate to his widow. Decedent paid inheritance taxes based upon his receipt from his father's estate of property worth $71,225.01, less $5,000 personal exemption, or $66,225.01. However, evidently because some expenses of administration were paid other than by deduction from the

amount he received, he actually received property of a value, determined at the lesser of the values in both estates, of $86,367.08.

Decedent's wife filed a prior taxed property claim in the amount of $86,367.08 with the commissioner of taxation, but the commissioner allowed a prior taxed property exemption of only $66,225.01. On appeal to the Tax Court, the commissioner's determination was affirmed.

The issue for determination is whether the amount of the prior taxed property exemption under Minn. St. 291.06 should be $81,367.08 [1] or $66,225.01.

Section 291.06 provides that in cases of transfers between relatives of the type involved herein—

"[w]here property * * * can be identified as having been transferred to the decedent from a person who died within five years prior to the death of the decedent * * * such property shall be exempt to the extent of the value thereof at the date of death of the prior decedent but not to exceed the value at the date of death of the second decedent. Provided, * * * the exemption shall be limited to the value of property which is in excess of the amount of the exemption provided in section 291.05 allowed on the transfer to the decedent [here $5,000] * * *."

Relator claims that the language of the statute demands that her exemption be the higher figure. Respondent contends that the legislature intended to allow exemption only for the amount of the transferred property previously taxed, which would result in exemption of the lower amount.

The legislature's purpose in enacting § 291.06 was to prevent the inclusion of property in two estates for the purpose of inheritance taxation where the taxable events are so close together as to make such inclusion unfair. See, In re Estate of Raynolds, 219 Minn. 449, 18 N. W. (2d) 238.

The inheritance tax is imposed upon the amount a beneficiary receives from an estate. See, In re Estate of Bradley, 241 Minn. 394, 63 N. W. (2d) 374; State v. Wagner, 233 Minn. 241, 46 N. W. (2d) 676, 23

---

[1] Relator concedes that the amount of the exemption should be only that in excess of the $5,000 personal exemption. See, Minn. St. 291.06; Minn. St. 1957, § 291.05(6).

A. L. R. (2d) 762. The taxable event is the receipt of the property. See, Minn. St. 291.01, subd. 2. Therefore, it appears that what the legislature intended to make exempt was not the amount of a decedent's estate but the amount received by the person whose receipt gives rise to the tax's incidence.

Relator argues that here, because the amount of the expenses were never in fact deducted from what decedent received, so that decedent was given property here valued at $86,367.08, that amount (less the personal exemption) is the amount of the exemption as the amount "received" by decedent.

This is not so. The tax upon decedent's receipt of property from his father's estate would have been the same whether the expenses of administration were paid out of estate assets or not. See, § 291.07. What decedent did was merely to advance to the estate, for its convenience, an amount adequate to pay the expenses. When he received the property, he was simply being repaid for his advancement. The "transfers" contemplated by c. 291 are those occurring by reason of death, not those occurring by reason of a loan or advancement. See, § 291.01, subd. 1.

Relator's argument perhaps makes sense from an accountant's point of view. But, having in mind the fact that the tax paid by decedent was upon the receipt of property from his father's estate, that it was measured by the amount received, and that such amount is computed by deducting the expenses of administration, it seems clear that the exemption should apply to that amount and no more. Were it otherwise, the dollar amount of exemption would be greater than the value of the interest actually received from the first estate. The aversion of the legislature to tax twice should not be construed as a hesitancy to tax once.

In re Estate of Letchworth, 201 Cal. 1, 255 P. 195, and In re Estate of Nilson, 201 Iowa 1033, 204 N. W. 244, cited by relator, do not support her position.

Affirmed.