Argued November 24, remanded with instructions
December 23, 1970

In the Matter of the Estate of
H. R. SCHILLING, Deceased.

DEPARTMENT OF REVENUE, *Appellant, v.*
SCHILLING, Executrix, *Respondent.*

478 P2d 428

*Richard A. Uffelman,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Walter J. Apley, Assistant Attorney General, Salem.

*Roger L. Dick*, The Dalles, argued the cause for respondent. With him on the brief were Dick & Dick, The Dalles.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

The Department of Revenue appeals from a decision of the circuit court determining the amount of inheritance tax owed by the respondent.

A portion of decedent's property consisted of assets inherited by him from the estate of his mother. Decedent died in May 1967. His mother died less than five years before. Her estate had been subjected to tax by this state.

In computing that tax, the first $15,000 of the estate had not been subjected to taxation, in accordance with ORS 118.100. Appellant contends that the proportionate share of the first $15,000 which passed to the decedent from his mother's estate should be included in his gross estate. Respondent contends that the statute in question, ORS 118.100, is simply a rate of tax statute, and that it does not therefore create an exemption with respect to the first $15,000, which it simply does not tax.

ORS 118.080 provides:

"There shall be exempt from taxation * * * the value of any property * * * received by the decedent within five years prior to his death by inheritance, devise, bequest or gift where such property has been received from a * * * parent * * * and passes to any person or persons within the foregoing relationships to the decedent * * *

and where the tax on such property shall, within such five years, have been imposed and accrued in this state under ORS 118.100 and 118.220 and the tax subsequently paid. * * *"

ORS 118.100(1) provides:

"(1) The rates of tax on all estates shall be as follows:

| "On any amount exceeding | But not exceeding | Rate (in percent) |
|---|---|---|
| $ 15,000 | $ 25,000 | 1 |
| 25,000 | 50,000 | 1½ |
| 50,000 | 75,000 | 2 |
| 75,000 | 100,000 | 3 |
| 100,000 | 300,000 | 5 |
| 300,000 | 500,000 | 7 |
| 500,000 | | 10 |

"The above tax on the estate shall be in full for all inheritance tax on any devise, bequest, legacy, gift or beneficial interest to any property or income therefrom which shall pass to or for the use or benefit of any grandparent, parent, spouse, child or stepchild or any lineal descendant of the deceased."

ORS 118.110 provides:

"The rates of tax prescribed in subsection (1) of ORS 118.100 shall be applied to the entire net estate remaining after allowance of the deductions specified in ORS 118.070 * * *. However, the proportion of such tax found to be apportionable to devises, bequests, legacies or gifts which are exempt under ORS 118.020 and to property previously taxed which is exempt under ORS 118.080, shall not be collected."

The nub of the dispute is whether ORS 118.100 creates an exemption from taxation of the first $15,000 of an estate. Both parties assert that this is a matter of first impression in Oregon.

The parties have stipulated:

"* * * [T]he Inheritance and Gift Tax Division has consistently construed ORS 118.080 and ORS 118.110 to require computation of previously taxed property * * *.",

by excluding $15,000, or the proportionate share involved, from the exemption granted in ORS 118.110. This policy by the appellant, and its predecessor the State Treasurer, was consistent with a 1931 opinion of the Oregon Attorney General found in 15 Op Att'y Gen 377. Respondent contends that a uniform administrative practice, no matter how long it may have continued, cannot override the plain wording of a statute.

In Annotation, 57 ALR 1099-1100 (1928), Construction and effect of provisions in succession tax law for deduction on account of property received by decedent from estate of another decedent, the author states:

"When the tax on the first estate is levied only on amounts over and above a stated sum, there being an exemption as to amounts under such sums, the question has been presented as to whether the second legatee is entitled to the deduction of the exempted amount as well as the amount over or above the exemption in cases where the exemption is less as to the person taking the second legacy. In view of the language, common in this type of statute, limiting the reduction to legacies upon which a tax has been paid, the deduction is not construed to cover the amount which was exempt on the first tax, such tax being deemed to have been paid only on that portion of the inheritance in excess of the exemption. Thus, under a statute providing that property inherited within two years, and upon which the 'estate tax' had been paid, should be deducted, it was held in Re Nilson

(1925) 201 Iowa, 1033, 204 N. W. 244, that the brother of the second decedent, as the only heir at law of his deceased sister, who had inherited her estate within the two-year period and paid the tax on the excess of the $15,000 exemption allowed her by statute, was entitled to a deduction only as to that part of her inheritance which was in excess of the $15,000 exemption.

"The same result was reached in Re Letchworth (1927) 201 Cal. 1, 255 Pac. 195 (citing with approval Re Nilson (Iowa) supra), where it was held that under a statute exempting property received by a decedent not more than five years prior to his death from another decedent, where tax thereon has been paid, applied only to such portion of the estate in respect of which a tax had been paid, and not to the portion which was exempt under the first tax.

"The burden of showing the exemption or exception is upon the executors who bring an action to determine the liabilities of the executors and the beneficiaries of the estate to inheritance taxes upon its successions. * * *"

ORS 118.100 imposes no tax on the first $15,000. The reasonable and necessary implication is that the first $15,000 thereby is exempted from the tax otherwise imposed by it on property over that amount. Had the statute commenced by saying, "The first $15,000 shall be exempt from tax," it would add nothing to its effect. Furthermore, the meaning contended for by the respondent would in effect grant an added exemption to the heirs of decedent, for in the computation of its tax the first $15,000 is, of course, likewise not taxed. The logical extension of respondent's theory could lead to a situation where through a series of deaths occurring within a five-year period to persons all of whose estates were subject to taxation under

ORS 118.100, several times $15,000 might, through cumulative progression, pass to the heir of the last estate upon which either no tax would have been levied or at a sharply reduced rate in relation to the total property inherited. We do not believe the legislature contemplated such a result.

ORS 118.110 directs with respect to respondent only that "the proportion of such tax found to be apportionable * * * to property *previously taxed* which is exempt under ORS 118.080, shall not be collected." (Emphasis supplied.)

Since the first $15,000 of the property in respondent's mother's estate was not "previously taxed" under ORS 118.100, it follows that the tax on the proportion of that $15,000 which passed to respondent is subject to tax in his estate.

The Supreme Court of Iowa considered a similar statute in *In Re Estate of Nilson*, 201 Iowa 1033, 204 NW 244 (1925), and said:

"The tax upon the first succession was imposed by Section 4 of the chapter in the following terms:

" 'One per centum *on any amount in excess of* $15,000.'

"This provision purports to charge a tax only upon the 'excess' above $15,000. This is the section, and the only section, which operated upon the first succession. Does Section 5 of the chapter necessarily operate to enlarge the exemption to the second succession, beyond the terms of Section 4? It is urged by appellee that statutes imposing special taxation, such as this, are to be strictly construed in favor of the taxpayer. Let this be granted. Paragraph (b) of Section 4 in broad and sweeping terms charges the appellee

with a tax upon this second succession. There is no ambiguity at this point, nor any opening offered to construe this paragraph against the state. Appellee must rely, and does rely, upon the exempting provision of Section 5. There is no rule of construction that entitles him to any greater exemption than such as is expressly given by the statute. * * *" 201 Iowa at 1036.

We are in accord with that decision and with the reasoning expressed in the majority opinion.

It follows that the order determining the tax must be set aside and the matter remanded for imposition of a tax in conformity herewith.

It is so ordered.