IN RE ESTATE OF ANDREW THOMPSON.

STATE OF IOWA et al., Appellees, v. H. P. STEELE, Appellee;
WILLIAM MALCOLM et al., Appellants.

**TAXATION:** Collateral Inheritance Tax—Transfers For Adequate Consideration. A transfer of property which, within the *literal* language of the statute, is subject to a collateral inheritance tax is, nevertheless, not so subject when the transferee pays a consideration which fairly represents the value of the property.

**TAXATION:** Collateral Inheritance Tax—Separate Liability For Tax. A collateral inheritance tax is collectible out of the specific share or interest on which it is due, *and not out of the general property of the estate.*

*Appeal from Plymouth District Court.*—WILLIAM HUTCHINSON
and C. C. BRADLEY, Judges.

OCTOBER 23, 1923.

APPEAL from a judgment sustaining the application of the treasurer of state for an order to establish and enforce the payment of a collateral inheritance tax. The opinion sufficiently states the facts.—*Reversed and remanded.*

*Nelson Miller*, for appellants.

*Clarence Roseberry,* County Attorney, and *T. M. Zink,* for appellees.

DE GRAFF, J.—This appeal involves the legality of the imposition of a collateral inheritance tax and presents two primary questions for decision:

(1)   Is a transfer of property based upon a valuable and adequate consideration, although within the literal language and strict classification of the collateral inheritance statute, within its intendment and therefore taxable?

(2)   Is one transferee or donee of a decedent liable for the

payment of a collateral inheritance tax upon gifts to other transferees or donees?

Our statute (Section 1481-a, Code Supplement 1913) applies to every "deed, grant, sale, gift, or transfer made in contemplation of the death of the donor," and "to any person, or for any use in trust or otherwise, other than to or for the use of persons, or uses exempt by this act."

Briefly stated, the evidence discloses that Andrew Thompson died September 14, 1912 leaving no tangible estate. Prior to his death he had transferred his property to his collateral heirs in different amounts. We are chiefly concerned with the transfer of certain real estate, comprising two lots, situated in Le Mars, Iowa. On February 5, 1912, Thompson executed and delivered to Harry Steele a deed conveying title to these lots, and it was agreed at that time that Steele should pay the expenses of the last sickness and funeral and other expenses of the deceased from the sale price of the property. A short time subsequently, Thompson undertook to sell and did sell the lots to the appellant, Alex Davidson, under an enforcible contract of purchase for the sum of $2,500 which was the reasonable value of the property. The transaction was not consummated until after the death of Thompson, at which time Steele executed a deed to Davidson upon the payment of the agreed consideration, and with the proceeds the debts and expenses of the decedent were paid by Steele leaving a small balance in his hands.

*1. TAXATION: collateral inheritance tax: transfers for adequate consideration.*

The trial court ordered the entire estate appraised, and in its decree subjected the real estate to a lien for the whole of the tax found due from all the beneficiaries of the decedent together with interest and costs. This court has repeatedly affirmed that the collateral inheritance tax is a tax upon the devolution of property or the right of succession to property, and not a tax upon the property itself, and that it is collectible out of each specific share or interest and not out of the general property of the estate. *In re Estate of Stone,* 132 Iowa 136; *In re Estate of Higgins,* 194 Iowa 369. Nor does the statute create a lien upon the entire estate of a decedent for whatever collateral inheritance tax may be found due, and this construction is neces-

*2. TAXATION: collateral inheritance tax: separate liability for tax.*

sary to save its constitutional validity. *Eddy v. Short*, 190 Iowa 1376; *In re Estate of Annis*, 195 Iowa 493.

The record in the instant case presents a clear-cut question. Is the real estate purchased by Davidson subject to the payment of a tax, and, furthermore, is it subject to the tax found due from other beneficiaries to the extent of the funds received by them in the event that "execution against them for that purpose is returned unsatisfied?" To what is Davidson's title referable? We answer to the contract with the decedent Thompson. Steele was a mere conduit through which title passed. He was a trustee with the naked legal title. Davidson paid a full and adequate consideration. The agreement with the decedent was valid and enforcible. Thompson's death is a mere incident so far as the application of legal principle is concerned. Clearly our legislature in the enactment of the collateral inheritance tax law did not intend that a purchaser who had paid full value for the property transferred should directly or indirectly pay an inheritance tax. We must preserve a distinction in the legislative mind between a transfer by gift and a transfer by bargain and sale upon adequate consideration. This statute was not intended to restrict or burden the right of persons to transfer title in a legitimate manner. It does not remove property from the usual channels of commerce. "The measure determining the liability or freedom from liability to the tax is the nature, the essence, the effect of the transfer. If, in truth, it in effect bestows, under the statutory conditions, a bounty or benefaction, and is not a transfer for money's worth, it is taxable." *In re Estate of Orvis*, 223 N. Y. 1 (119 N. E. 88). The right and title which appellant, Davidson, has to the real estate in question did not pass to him by virtue of any statute of descent, or will, or by gift in contemplation of death, but it does arise by reason of his contract with the decedent, executed *inter vivos*, stipulating for a reasonable and adequate consideration, and subsequently recognized by the trustee who held the naked legal title. His right to receive originated and is based upon matters extrinsic to the law applicable to succession by death. *In re Estate of Litteer*, 182 Iowa 738. The real estate was not subject to a tax and it was error for the court to impress any lien thereon or subject the title holder to judgment. The cause is

remanded for the entry of a decree in conformity to the law herein expressed.—*Reversed and remanded.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.