HARRIETT EDITH WEBB TAVENER, Appellant, v. THE TAX COMMISSION OF IOWA et al., Appellees.

No. 45711.

NOVEMBER 18, 1941.

Hirschburg & Reynolds, for appellant.

John M. Rankin, Attorney General, John E. Mulroney, As-

sistant Attorney General, and C. Ream Daughrity, Counsel for Inheritance Tax Division, for appellees.

HALE, J.—Lou Mallory Luke, a resident of Hampton, died testate on the 31st day of May, 1940, owning among other property the north 22 feet of lot 1, block 22, original town of Hampton. By her will she devised to Harriett Edith Webb Tavener, plaintiff herein, a life estate in that property, subject to the provision, among others, that the life tenant shall be charged with the payment of all taxes and other expenses mentioned. After various bequests she devised the remainder interest in said property to the Hampton Public Library, which is a library open to the use of the public and one not operated for gain. The petition states that the defendant Tax Commission caused the real estate to be appraised for the purpose of imposing inheritance taxes upon the plaintiff's life use or estate, and asks decree adjudging that her life estate is not subject to inheritance tax and that it be freed from said tax, and that the commission and its members be permanently enjoined and restrained from imposing or attempting to impose inheritance taxes against plaintiff's succession to the life estate, and for equitable relief. To this petition defendants filed motion to dismiss on the ground that the petition and amendment did not entitle the plaintiff to the relief demanded, and that the pleadings showed that plaintiff is a niece of deceased and that she is subject to the inheritance tax on the succession of said life estate. This motion was sustained by the court and plaintiff appeals.

Plaintiff asks that the judgment and decree be reversed for the reason that a life estate, or estate in exempt real property is not subject to the tax imposed under the provisions of chapter 351 of the Code; and in support of this contention submits the following proposition: That a life estate in real property, exempt or not, placed thereon by the owner, does not become upon such owner's death an asset of his estate, and is therefore not included in the term "estates of decedents," the words of the general imposing statute, Code section 7306. Plaintiff cites Code sections 7306, 7307, and 7342, and the cases of Wolf v. Wolf, 152 Iowa 121, 131 N. W. 882, and In re Estate of Pitt, 153 Iowa

269, 133 N. W. 660, none of which we think supports the proposition in issue, and with plaintiff's argument we do not agree.

In considering the above proposition, plaintiff argues that, as to interpretation of the statutes under consideration, if a statute imposing taxes is subject to construction, all doubts must be resolved against the government and in favor of the taxpayer (citing various cases). This proposition may be conceded.

As to plaintiff's argument as to interpretation of ambiguous statutes, it is unnecessary to review the authorities cited, as plaintiff's argument sets out general rules of interpretation which are generally recognized and not controverted. But she fails to point out such ambiguity as requires the application of these rules, nor are these statutes ambiguous.

Plaintiff relies upon the proposition as follows: "If it can be said, or held, that life estates in exempt real property are within the provisions of the general imposing statute, then they are immediately taken therefrom by the special section 7308." Section 7308, referred to herein, is:

"The tax imposed by this chapter shall not be collected: * * * 2. When the property passes in any manner to societies, institutions or associations incorporated or organized under the laws of this state for * * * educational * * * purposes * * *. 3. When the property passes to public libraries * * *, open to the use of the public and not operated for gain * * *."

Plaintiff argues that the statute removes from the general provisions of Code section 7306 life estates in property when that property is not subject to the tax. Plaintiff says that it is not stated simply that the property shall be exempt. It is not stated that the tax shall not be collected from the property, or from the institution. It is stated simply that this inheritance tax shall not be collected; and if it is not to be collected, it cannot be collected from anyone, even the holder of the life estate.

Plaintiff urges that a life estate in real property vests immediately upon the death of a decedent (citing various cases); and as to this there is no dispute. But this proposition is immaterial. It can make no difference so far as the imposition

of the tax is concerned whether the estate vests immediately upon the death of the devisor or later. But plaintiff argues that since the entire property passes and is vested at the time of the death of the owner, and this life interest is a part of the real estate and adds nothing to the estate property, the inheritance tax cannot be collected—that it passed before the will was probated or the estate was opened for administration, and never came within the jurisdiction of the taxing commission. We can only conclude, from a reading of plaintiff's argument, that she does not distinguish between the actual, physical real estate and the property rights which passed under the will. The life estate is one property right—an interest in real estate; the remainder interest is another property right, and is also an interest in real estate. As stated later, each has value, and that value is not difficult to determine. See White v. City of Marion, 139 Iowa 479, 117 N. W. 254.

Plaintiff cites section 7349 of the Code, which provides that when property shall be bequeathed or devised to or for the use of a person exempt from the tax, during life or for a term of years, and the remainder to a person not so exempt, the property, upon the determination of the life estate, shall be appraised at its then market value, less certain deductions for improvements by remainderman, and the tax on the remainder shall be paid by the remainderman.

Plaintiff also cites section 7350 of the Code, which reads as follows:

"Whenever any real property of a decedent shall be subject to such tax and there be an estate or interest for life or term of years given to a party other than those especially exempt by this chapter, the clerk shall cause such property to be appraised at the actual market value thereof, as is provided in ordinary cases, and the party entitled to such estate or interest shall, within one year from the death of decedent owner, pay such tax, and in default thereof the court shall order such interest in said estate, or so much thereof as shall be necessary to pay such tax and interest, to be sold."

Plaintiff's contention is that the legislature, having by a separate and distinct section provided that the holder of a

life estate or use in real property must pay this tax whenever he is not specially exempt and the property itself is subject thereto, it follows that he must pay under no other conditions. Plaintiff cites Ginsberg & Sons v. Popkin, 285 U. S. 204, 52 S. Ct. 322, 76 L. Ed. 704; Kenyon v. City of Cedar Rapids, 124 Iowa 195, 99 N. W. 692; Great Western Acc. Ins. Co. v. Martin, 183 Iowa 1009, 166 N. W. 705; McKinney v. McClure, 206 Iowa 285, 220 N. W. 354; and Workman v. District Court, 222 Iowa 364, 269 N. W. 27. These all relate to rules of interpretation and construction. From these cases plaintiff argues that the statute specifically provides two conditions under which the holder of a life estate in real property can be taxed—one, the real estate must be subject to the tax; second, the holder must not be specially exempt—and that in the case at bar but one of these conditions is present, that the real estate is subject to the tax but the holder is specially exempt. She therefore states that she is not taxable thereunder and that the inheritance-tax statute does not apply. Again we must hold that the plaintiff wrongly construes the intent of the statute and the provisions thereof. She argues that the property itself is taxable. Sections 7349 and 7350 of the 1939 Code of Iowa are devoted only to directing the manner and time of the payment of the tax. The tax, however, is upon the succession or the right to take by succession. In re Estate of Anderson, 205 Iowa 324, 327, 218 N. W. 140, 142, citing Wieting v. Morrow, 151 Iowa 590, 132 N. W. 193; In re Estate of Anderson, 166 Iowa 617, 147 N. W. 1098, 52 L. R. A., N. S., 686; In re Estate of Annis, 195 Iowa 493, 192 N. W. 245; In re Estate of Thompson, 196 Iowa 721, 195 N. W. 250; and In re Estate of Meinert, 204 Iowa 355, 358, 213 N. W. 938, 939. In the latter case it is said:

"The tax is not a tax (though it is a lien) on the property itself, or upon the estate, but upon the succession or right to take by succession." (Citing cases.)

Under such interpretation, which has been the uniform interpretation of the statute throughout the years since its enactment, what difference can it make whether the right of succession is to a partial interest in the real estate or to the entire interest therein? In either case the right to succession is taxed,

that tax being based upon the appraised value of the real estate for purposes of taxation. Section 7306 of the Code provides that the property, whether real, personal, or mixed, tangible or intangible, and any interest in, or income from, any such estate or property, shall be subject to the tax. And as stated, sections 7349 and 7350 only explain how the payment shall be made and the property appraised in cases where there are life estates, terms of years, and remainder interests. Neither of these statutes, nor any other, declares that the estate is not subject to tax. But on the contrary, section 7313 expressly declares that life estates shall be subject to the tax. It seems to us clear that there is no difficulty about the construction of the statutes in situations such as the one at bar.

We need not specially refer to plaintiff's third proposition: "That though life estates are within the terms of the general imposing statute; and though life estates in exempt real estate are not excluded by the provisions of Section 7308; yet, when a special and separate section provides certain specific conditions under which a life estate in real property can be taxed, it rules any and all general sections, and, as a matter of law, excludes all other conditions not specified." We have already discussed the purpose and effect of sections 7349 and 7350.

The whole question for our determination is, Is the life estate in real property subject to this form of taxation, and further, is the claim of exemption as to the remainder material? Clearly the remainder has some value, and equally clear is it that a life estate has value. A life estate is an interest in real estate. So far as inheritance taxation is concerned, it should be treated the same as any other interest in real estate. It is subject to inheritance tax at whatever value such interest is worth. What difference can it make whether the remainder is exempt or subject to the tax? In either case the life estate can be valued, and this valuation will determine the amount of the tax upon the right of succession.

We are satisfied that the district court was right in so holding, and the cause will be affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.