IN RE ESTATE OF FANNY WICKHAM.

No. 47567.

(Reported in 40 N.W. 2d 469)

JANUARY 10, 1950.

Robert L. Larson, Attorney General, and Henry W. Wormley, Special Assistant Attorney General for Iowa State Tax Commission, for appellants.

Ries, Dutcher & Osmundson, of Iowa City, for appellee.

MULRONEY, J.—Fanny C. Wickham died testate on January 7, 1942. Since all of the beneficiaries of her estate were subject to collateral inheritance tax the property was appraised, as of the date of her death, by the inheritance tax appraisers. Certain

real and personal property which was left to deceased's sister for life, with remainder to other relatives, was appraised in the total sum of $23,083.80. The tax commission, in computing the tax due, split the above valuation between the life estate, valued at $4,055.87, and the remainder estate, valued at $19,027.93. The life tenant paid the tax on the life estate valuation but the executor requested that the tax on the remainder estate be deferred until the death of the life tenant. The life tenant died September 29, 1948. The tax commission demanded that the property be again appraised as of the date of the death of the life tenant and a tax (ten per cent) be paid on such valuation. The executor brought action against the tax commission, seeking relief from further appraisement for inheritance tax purposes, asserting the right to pay on the earlier valuation of the remainder estate of $19,027.93, or a tax of $1,902.79 in discharge of the inheritance tax lien on the remainder estate. Upon joinder of issue, with the foregoing facts stipulated, the trial court ruled in favor of the executor, granting relief from further appraisement.

I. The single question which was before the trial court and which is presented by this appeal is: Should the deferred tax on a remainder estate be computed on the value of the remainder estate as it existed at the death of the testator or as it existed at the death of the life tenant? The answer lies in the construction that is to be given to certain inheritance tax statutes. Both parties admit that if the life estate in real property passes to an exempt beneficiary the tax on the remainder estate would be computed as of the value on the date of the death of the life tenant. This is the express direction of section 450.44, Code, 1946, which provides:

"When any person, whose estate over and above the amount of his debts, as defined in this chapter, exceeds the sum of one thousand dollars, shall bequeath or devise or otherwise transfer any real property to or for the use of persons exempt from the tax imposed by this chapter, during life or for a term of years, and the remainder to a person or persons not thus exempt, said property, upon the determination of such estate for life or years, shall be appraised at its then actual market value from which shall be deducted the value of any improvements thereon, or betterments thereto, if any, made by the remainderman during

the time of the prior estate, to be ascertained and determined by the appraisers and the tax on the remainder shall be paid by such remainderman as provided in section 450.46."

. But the executor contends a different rule applies when the life tenant is subject to tax, making the property subject to appraisal as of the date of the death of the testator. Just why there should be a difference in the manner of computing the tax on a remainder estate, based on whether the prior life estate passed to an exempt or a taxable beneficiary is not readily apparent. The executor argues this results because of the wording of section 450.46, Code, 1946, which provides as follows:

"Upon the determination of any prior estate or interest, when the remainder or deferred estate or interest or any part thereof is subject to such tax and the tax upon such remainder or deferred interest has not been paid, the person or persons entitled to such remainder or deferred interest shall immediately report to the clerk of the proper court the fact of the determination of the prior estate, and upon receipt of such report, or upon information from any source, of the determination of any such prior estate when the remainder interest has not been appraised for the purpose of assessing such tax, the clerk shall forthwith issue a commission to the inheritance tax appraisers, who shall immediately proceed to appraise the property as provided in like cases in section 450.44 and the tax upon such remainder interest shall be paid by the remainderman within one year next after the determination of the prior estate. If such tax is not paid within said time the court shall then order said property, or so much thereof as may be necessary to pay such tax and interest, to be sold."

The executor argues the above section only provides for reappraisement at the time of the death of the life tenant "when the remainder interest has not been appraised for the purpose of assessing such tax" and here the remainder interest has already been appraised so no appraisal is required upon the determination of the prior estate. But other sections of the inheritance tax chapter so clearly point to a requirement that the property of a deferred estate be appraised for tax at the time of payment, that the words referred to cannot be given the meaning

contended for by the executor. For instance, section 450.47, Code, 1946, provides for the payment of the tax on deferred estates in personal property and allows for deferred payment until the determination of the prior estate by putting up a bond as provided in section 450.48. And section 450.48 provides in part as follows:

"When the estate of a decedent consists in part of real and in part of personal property, and there be an estate for life or for a term of years to one or more persons and a deferred or remainder estate to others, and such deferred or remainder estate is in whole or in part subject to the tax imposed by this chapter, if the deferred or remainder estates or interests are so disposed that good and sufficient security for the payment of the tax for which such deferred or remainder estates may be liable can be had because of the lien imposed by this chapter upon the real property of such estate, then payment of the tax upon such deferred or remainder estates may be postponed until the determination of the prior estate without giving bond as herein required to secure payment of such tax, and the tax shall remain a lien upon such real estate until the tax upon such deferred estate or interest is paid."

The tax lien referred to in the section last above is again referred to in section 450.52, which provides:

"Whenever it is desired to remove the lien of the inheritance tax on remainders, reversions, or deferred estates, parties owning the beneficial interest may pay at any time the said tax on the present worth of such interests determined according to the rules herein fixed."

Under the executor's argument the executor could have discharged the lien of the tax on the remainder estate by paying $1,902.79 at any time during the life of the life tenant or up until a year after the death of the life tenant. Such a payment would not be based on the "present worth" of the remainder estate. It would be based on the lower past worth at the time of the death of the testator.

The words in section 450.46 "when the remainder interest has not been appraised for the purpose of assessing such tax"

cannot refer to the original appraisal of all of the property at the beginning of the estate. In a sense the appraisal then made was not an appraisal "for the purpose of assessing such [remainder interest] tax." It was an appraisal of the property for the purpose of assessing the life estate tax. Of course the then value of the remainder interest resulted because taking the life estate value from the value of the property left the value of the remainder. But that was the value that the remaindermen could use as a tax base if they paid the tax within eighteen months. If the remaindermen took advantage of deferment privileges they could thereafter discharge the lien of the tax only by paying the tax on the present worth of their deferred estate as provided in section 450.52.

In Welander v. Hoyt, 188 Iowa 972, 979, 176 N.W. 954, 957, we reviewed the foregoing and a number of other inheritance tax statutes. While the question in that case was different and some of the interpretive statements might be said to be dicta, we feel they were sound. The following are some of the statements made in that opinion:

"The appraisal provided for, of the estate of the remainderman after the death of the life tenant is based upon its 'then market value.'

"* * * the fact remains that other provisions of the statute permit an appraisal to be made at any time after the death of the decedent, at the option of the remainderman, whereby the then value of the property may be appraised, and whereby the value of the estate in remainder may be reduced to its present worth; and the present worth of the tax, based upon the expectancy of the life tenant, may be ascertained and paid by the remainderman, and the lien of the tax thereby discharged. * * *

"Taken together, all of these provisions lend themselves to the inference that the postponement of payment until the day of enjoyment is a mere grace of time which the remainderman may accept or reject at his option. The fact that the acceptance of this grace is attended with the risk of increased valuation does not negative such inference."

We have often said the Iowa inheritance tax is a succession tax and not a property tax. Tavener v. Tax Commission, 231

Iowa 162, 300 N.W. 653. And the tax on the succession is a "lien" until paid. Section 450.7, Code, 1946. As to the succession to remainders the statute clearly states the payment can be deferred but if deferred the lien cannot be removed until the tax is paid on the "present worth." Section 450.52, supra. It follows therefore that the trial court was in error in holding the property herein relieved from further appraisal, and the ruling of the trial court is reversed.—Reversed.

All JUSTICES concur.