105 N.W.2d 95 (1960)
In re ESTATE of Frank B. MILLARD, Deceased.
UNION BANK AND TRUST COMPANY OF OTTUMWA, Iowa, Trustee, Margaret Ann Hughes, William Millard, and Richard Millard, Appellants,
v.
IOWA STATE TAX COMMISSION, Appellee.
No. 50060.
Supreme Court of Iowa.
September 20, 1960.
*96 Gilmore, Dull & Keith, Ottumwa, for appellants.
Norman A. Erbe, Atty. Gen., Gary S. Gill, Special Asst. Atty. Gen. and Walter W. Rothschild, Gen. Counsel, Des Moines, for appellee.
GARFIELD, Justice.
The question presented is whether an inheritance tax was properly assessed by the state tax commission upon the right of succession to remainder interests in testator's estate, on termination of the life estate, at 10 per cent of the then net value of the property rather than at approximately 75 per cent of such value. From decree approving and fixing the tax at 10 per cent of the then net value, the trustee and remaindermen have appealed.
Frank B. Millard died March 13, 1951. His will left his property in trust to Union Bank and Trust Co. of Ottumwa as trustee, with directions to pay the income during her life to his sister, age 73 at testator's death. The bank was also executor. The estate consisted mostly of personal property but there was some realty. Upon termination of the life estate the property, except $1,000 was bequeathed to two nephews. The net estate was appraised at about $54,500 in 1951 and an Iowa inheritance tax of $595 was then assessed and paid upon the then value of the life estate. The executor sought to, and did, defer payment, until termination of the life estate, of the inheritance tax upon the remainder interests. The life tenant died October 4, 1959. The net estate was then appraised at $108,673.
The state tax commission claimed an inheritance tax on the right to succession of the remainder interests of 10 per cent of this last amount. The trustee and remaindermen contended the tax should be computed on approximately 75 per cent (.75157) of such appraised value. They filed application in the district court asking that it determine whether the tax on the remainder interests should be computed by applying the factor of (approximately) 75 per cent to the appraised value or without application of the factor. The application recites, "It is now necessary that these applicants pay an inheritance tax on the value of the *97 remainder interests, as of October 4, 1959, by reason of the deferment of the payment of said tax during the life of the life tenant." It is agreed the rate of the tax is fixed at 10 per cent by section 450.10, subd. 3, Code, 1958, I.C.A. Also that the value of the estate is its appraised value at the death of the life tenant.
The answer to the controversy must be found in chapter 450, Code, 1958, I.C.A. The two sections most directly applicable are 450.51 and 450.52 which provide:
"450.51 Annuitieslife and term estates. The value of any * * * deferred estate, or interest, or any estate for life, * * *, subject to the inheritance tax, shall be determined for the purpose of computing said tax by the rule of standards of mortality and of value commonly used in actuaries combined experience tables as now provided by law. The taxable value of * * *, life or * * *, deferred or future estates, shall be computed at the rate of four percent per annum of the appraised value of the property in which such estate or interest exists or is founded."
"450.52 Deferred estatesremoval of lien. Whenever it is desired to remove the lien of the inheritance tax on remainders, reversions, or deferred estates, parties owning the beneficial interest may pay at any time the said tax on the present worth of such interests determined according to the rules herein fixed."
Sections 450.51 and 450.52 were enacted in 1911 as section 17, chapter 68, of the Acts of the 34th General Assembly. The section has been editorially divided by the code editor.
The tables to which the above statutes refer show the present value of a remainder interest in any property subject to a life estate in a person then aged 73 as .75157 of the total net value of the property. That was the then present value of these remainder interests at testator's death. The tax commission concedes the tax on the remainder interests, if paid within 18 months of testator's death, would have been measured by .75157 of the value of the property at his death. Code section 450.6, I.C.A., provides: "The tax hereby imposed * * * shall accrue at the death of the decedent owner, and shall be paid * * * within eighteen months after the death of the decedent owner except when otherwise provided in this chapter."
However, as stated, appellants did not pay the tax on the remainder interests during such eighteen months period. They chose to defer payment until termination of the life estate. But they claim they may still settle the tax for .75157 of the value of the property. They concede such value is determined by the appraisement at the life tenant's death rather than by the one at testator's death. This concession is required by our decision in In re Estate of Wickham, 241 Iowa 198, 40 N.W.2d 469.
Thus appellants' position is, in effect, that while the tax on the remainder interests is measured by the appraised value of this property at the death of the life tenant at age 81 or 82, the percentage factor for determining the value of remainder interests in any property subject to a life estate in a person 73 must still be applied. It would seem illogical to measure the tax by the specific value of this property when the life estate ended, reduced by an abstract figure measuring the value of a remainder interest in any property when a life estate therein to a person of 73 begins.
As above indicated, appellants claim nothing for the fact the net estate was appraised at the life tenant's death at about twice its appraisement at testator's death. This was one consequence of their election not to pay the tax now in controversy until termination of the life estate. If the appraised value at this later date had been less than the earlier one the remaindermen, rather than the state, would have benefited therefrom. Appellants were charged with knowledge of our statutes and our decision in In re Estate of Wickham, supra, 241 *98 Iowa 198, 40 N.W.2d 469 (January, 1950) requiring appraisal at the life tenant's death. In a sense they chose to gamble on whether the property would increase or diminish in value at the end of the life tenancy.
The tax commission contends that since appellants elected not to pay the tax on the remainder interests within 18 months after testator's death the tax must be paid on the present worth of such interests at the time of payment rather than on their worth at testator's death. We think this is the plain requirement of section 450.52, heretofore quoted. The tax commission and the attorney general's office have evidently placed this construction upon the statutes since before our Wickham decision was handed down and we then gave such construction our approval. The cited opinion has stood for more than ten years without any change by the legislature in the applicable statutes.
The tables to which sections 450.51, 450.52 refer show the present worth of remainder interests subject to a life estate of a person aged 81 as approximately 83 per cent (.82965). Thus, it seems clear that if appellants had desired to remove the lien of the inheritance tax on the remainder interests in 1959 before the life tenant died they could have done so under section 450.52 by paying the tax on the then present worth of such interests subject to a life estate of a person aged 81, i. e., about 83 per cent of the value of the property. They could not then have removed the lien of the tax by paying approximately 75 per cent of such valuethe factor to be applied if paid during the first 18 months after testator's death. This seems to us the reasonable and logical meaning of sections 450.51, 450.52 in view of the obvious fact the present worth of remainder interests increases as the duration of the life tenancy diminishes.
The conclusion just reached is fatal to appellants' claim to a reversal. Their position is that the factor for determining the abstract value of remainder interests at testator's death remains constant regardless of the probable duration of the life estate. Under their argument if the life tenant had been five, rather than 73, at testator's death, they could have settled the tax on the remainder interests by paying at the life tenant's death a tax measured by approximately 21 per cent (.20950) of the then value of the property. And this would be true regardless of how long the life tenant actually lived.
Appellants' application states: "The sole question before the court is: Shall the factor of .75157 be applied to compute the inheritance taxes now due?" Appellants open their argument here by repeating this quotation and adding, "If the answer is affirmative, the trial court was in error. If the answer is negative, the trial court was correct and should be affirmed. There is no other dispute or question in the case." Thus our negative answer to what appellants say is the sole question presented entitles the tax commission to an affirmance.
However, we are not content to rest our decision solely on this answer to the only question appellants ask, although we might well do so. We think it is obvious the present worth of remainder interests in property at the termination of a life estate therein is the full value of the property. The applicable factor then is 100 per cent. There is no reason to deduct from such value the estimated value of a nonexistent life estate.
The term "present worth" is usually applied to a sum payable in the future or which would not come into possession and enjoyment until some future time, as the present worth of future earnings, of damages from future pain and suffering or of the pecuniary loss to an estate from premature death. The present worth of a sum payable in the future is generally said to be, in substance, such sum as put at interest at the legal rate would amount to the sum named at the end of the future period. Aetna Life Insurance Co. v. Geher, 9 Cir., 50 F.2d 657, 659-660; Rivers v. Bay City *99 Traction & Electric Co., 164 Mich. 696, 128 N.W. 254, 259, 131 N.W. 86; Thibeault v. Brown, 92 N.H. 235, 29 A.2d 461, 462.
In In re Estate of Wickham, supra, 241 Iowa 198, 40 N.W.2d 469, 470, the estate was appraised at testator's death, the tax was paid on the life estate but on the remainder interests it was deferred until the life tenant's death. The opinion states: "The tax commission demanded that the property be again appraised as of the date of the death of the life tenant and a tax (ten per cent) be paid on such valuation. The executor brought action against the tax commission, seeking relief from further appraisement for inheritance tax purposes, asserting the right to pay on the earlier valuation of the remainder estate of $19,027.93, or a tax of $1,902.79 in discharge of the inheritance tax lien on the remainder estate. * * *
"I. The single question which was before the trial court and which is presented by this appeal is: Should the deferred tax on a remainder estate be computed on the value of the remainder estate as it existed at the death of testator or as it existed at the death of the life tenant?" (Emphasis added.)
The Wickham opinion then quotes Code sections 450.44, 450.46, 450.52, I.C.A. Immediately following section 450.52 the opinion proceeds: "Under the executor's argument the executor could have discharged the lien of the tax on the remainder estate by paying $1,902.79 at any time during the life of the life tenant or up until a year after the death of the life tenant. Such a payment would not be based on the `present worth' of the remainder estate. It would be based on the lower past worth at the time of the death of the testator.
"The words in section 450.46 `when the remainder interest has not been appraised for the purpose of assessing such tax' cannot refer to the original appraisal of all of the property at the beginning of the estate. In a sense the appraisal then made was not an appraisal `for the purpose of assessing such (remainder interest) tax.' It was an appraisal of the property for the purpose of assessing the life estate tax. Of course the then value of the remainder interest resulted because taking the life estate value from the value of the property left the value of the remainder. But that was the value that the remaindermen could use as a tax base if they paid the tax within eighteen months. If the remaindermen took advantage of deferment privileges they could thereafter discharge the lien of the tax only by paying the tax on the present worth of their deferred estate as provided in section 450.52. * * *
"* * * As to the succession to remainders the statute clearly states the payment can be deferred but if deferred the lien cannot be removed until the tax is paid on the `present worth.'" (Emphasis added.)
The quoted language, especially what we have emphasized, is conclusive of the present controversy. A reversal would be quite inconsistent with such language. The briefs of the attorney general and his special assistant in the Wickham case correctly analyze the statutes there and here applicable. Their reply brief concludes, "The amount of the tax is determined by the value of the property the beneficiary receives. * * *. Appraisal of the property at the death of the life tenant will determine the correct value by which the tax is measured under the law."
Provisions of the statute other than section 450.52 lend support to our conclusion. Section 450.2 provides, "The estates of all deceased persons in any property, * * * and any interest in, or income from, any such estate or property * * * which shall pass in any manner herein described shall be subject to tax as herein provided." (Emphasis added.)
Since appellants concede it is the appraised value of the property at the life tenant's death which determines such value for tax purposes, it is perhaps unnecessary *100 to call attention to the statutes which provide for appraisal at that time. However, since we think such later appraisal is required in order to determine the amount by which the tax on remainder interests is measured, where payment is deferred until then, we will do so.
Section 450.27 states, "Whenever it appears that an estate or any property or interest therein * * * is or may be subject to the tax imposed by this chapter, the clerk shall issue a commission to the appraisers, who shall fix a time and place for appraisement, except that if the only interest that is subject to such tax is a remainder or deferred interest upon which the tax is not payable until the determination of a prior estate or interest for life or term of years, he shall not issue such commission until the determination of such prior estate, except at the request of parties in interest who desire to remove the lien thereon." The above exception clearly refers to the provision of section 450.52.
Section 450.44 provides that where an estate for life or term of years in realty is left to a person exempt from tax and the remainder to one not exempt "said property, upon the determination of such estate for life or years, shall be appraised at its then actual market value * * * and the tax on the remainder shall be paid by such remainderman as provided in section 450.46." Our Wickham decision points out it is "the express direction" of section 450.44 that "the tax on the remainder estate would be computed as of the value on the date of the death of the life tenant." The value referred to is obviously the appraised value.
Section 450.46 provides: "Upon the determination of any prior estate or interest, when the remainder or deferred estate or interest * * * is subject to such tax and the tax upon such remainder or deferred interest has not been paid, the person or persons entitled to such remainder or deferred interest shall immediately report to the clerk of the proper court the fact of the determination of the prior estate, and upon receipt of such report, * * * of the determination of any such prior estate when the remainder interest has not been appraised for the purpose of assessing such tax, the clerk shall forthwith issue a commission to the inheritance tax appraisers, who shall immediately proceed to appraise the property as provided in like cases in section 450.44 and the tax upon such remainder interest shall be paid by the remainderman within one year next after the determination of the prior estate. * * *." (Emphasis added.)
It will be noted the appraisal above referred to is for the purpose of assessing the tax on the remainder interests. It will be recalled the Wickham case, supra, 241 Iowa 198, 201-202, 40 N.W.2d 469, 471, holds the language in section 450.46 we have emphasized "cannot refer to the original appraisal of all the property at the beginning of the estate. * * * It was an appraisal of the property for the purpose of assessing the life estate tax."
We find no statute that indicates the tax on remainder interests, when payment thereof is deferred until termination of the life tenancy, is measured by anything less than the amount at which the property is then appraised. There is no such indication in the tables to which section 450.51 refers nor in 450.51 itself. They merely provide the manner of determining the value at a particular time of an annuity, deferred estate or estate for life or term of years. Nor has our attention been called to any decision of this or any other court which sustains appellants' position.
The effect of our statutes is that the inheritance tax on remainder interests is measured by the value of such interests at the death of the testator, or thereafter by their then present worth "whenever it is desired to remove the lien of the inheritance tax" (to quote from section 450.52), at the remainderman's election. And such a legislative plan seems to be fairly common in other states.
*101 It is important to bear in mind the inheritance tax is not a tax upon the estate of a decedent nor the property thereof. It is a tax upon each right of succession and is chargeable upon the property each beneficiary receives. Eddy v. Short, 190 Iowa 1376, 1380-1382, 179 N.W. 818, and citations; In re Estate of Annis, 195 Iowa 493, 496, 192 N.W. 245; In re Estate of Thompson, 196 Iowa 721, 722-723, 195 N.W. 250; Waterman v. Burbank, 196 Iowa 793, 797-799, 195 N.W. 191; Tavener v. Tax Commission, 231 Iowa 162, 300 N.W. 653; In re Estate of Wickham, supra, 241 Iowa 198, 40 N.W.2d 469.
Our inheritance tax law, enacted in 1896 as chapter 28, Acts 26th General Assembly, was borrowed from New York. Eddy v. Short, supra, at page 1383 of 190 Iowa, at page 821 of 179 N.W.; In re Estate of Adams, 167 Iowa 382, 390, 149 N.W. 531, L.R.A.1915C, 95. The above construction of our statute accords with that then given the New York law by the highest court of that state. In re Howe's Estate, 1889, 112 N.Y. 100, 19 N.E. 513, 2 L.R.A. 825; In re Hoffman's Estate, 1894, 143 N.Y. 327, 38 N.E. 311.
Our law is presumed to have been adopted with the construction placed upon the New York statute by the courts of that state. Or, in accord with frequent statements, such a construction is highly persuasive. In re Estate of Adams, supra; Best v. Yerkes, 247 Iowa 800, 812, 77 N.W.2d 23, 30, 60 A.L.R.2d 1354; 82 C.J.S. Statutes § 372. See also Stromberg Hatchery v. Iowa Employment Security Commission, 239 Iowa 1047, 1050-1051, 33 N.W.2d 498, 501; Lever Brothers Co. v. Erbe, 249 Iowa 454, 462, 87 N.W.2d 469, 475, and citations.
An annotation in 103 A.L.R. 18, 81, contains several pages of citations for this statement: "The authorities are practically unanimous upon the proposition that an inheritance tax * * * is an excise or privilege tax in the nature of a bonus exacted by the state for the privilege granted, by its laws, of transferring property by will or the intestate laws, or of inheriting or succeeding to property on the death of the owner, and is not a tax on the property of the decedent with respect to which it is levied, * * *."
Our Tavener decision, supra, states (at page 165 of 231 Iowa, at page 655 of 300 N.W.): "The life estate is one property right * * *; the remainder interest is another property right, * * *." We see no reason why the obligation of remaindermen to pay a tax for the benefit they receive should be diminished because a third person, the life tenant, has previously paid for a different benefit received by her. And it would seem strange if a tax could be settled after a delay of 8½ years (assuming, as we must, appraisal at the same amount) for the sum required before such period commenced. Interest on the amount of the tax for the period would more than equal the sum in controversy here.
In Fisher v. State, 106 Md. 104, 66 A. 661, 663, the trustee of a large estate contended the state could recover an inheritance tax on the reversionary interest only on the value of such interest at the testator's death and upon the value of the estate as then ascertained. The court rejected both contentions. The first is the same contention appellants make here. At the death of the life tenant the estate was valued at over three times its value at the testator's death. The only statute to which the opinion refers is a general one, like our section 450.2, subjecting to an inheritance tax all estates or interests therein passing by deed or will on death of the grantor or testator.
The opinion states: "The tax is on the transmission of the property, and upon the estate the beneficiary is to receive and enjoy. There could be no transfer or enjoyment of the property, * * * until the death of Mrs. Johnston (life tenant), and, this being so, the collateral inheritance tax was payable, upon the clear value of the estate, at her death, and at the time the *102 collateral beneficiary received the benefit of the bequest * * *."
Lilly v. State, 156 Md. 94, 143 A. 661, 665, holds the inheritance tax on remainder interests is to be computed upon the value of the estate at the termination of the life tenancy when the remaindermen came into possession.
Safe Deposit & Trust Co. of Baltimore v. State, 143 Md. 644, 123 A. 50, 51, 32 A.L.R. 847, says: "It is with the estate as it passes to the beneficiary, and not merely with the estate as it passes from the person who dies `seized and possessed thereof,' that the collateral inheritance tax law is concerned."
In re Reynolds' Estate, 359 Pa. 616, 60 A.2d 57, 60, holds, "While the value of life estate is fixed commencing with the date of the death of the testator (citation) the value of remainders is determined as of the time the right to possession accrues, i. e., at the death of the life tenant (citations)" unless the tax on the entire estate is paid under the statute pertaining to transfer inheritance tax on future estates.
There is no merit to appellants' contention the tax commission approved a tax on the remainder interests, if payment was deferred until termination of the life estate, measured by approximately 75 per cent of the then appraised value. Basis for the contention is a letter the commission's inheritance tax counsel wrote appellants' attorneys in October, 1951, inclosing a copy of the mortality tables with ink marks opposite figures for computing the estimated value of a life estate in a person of 73 and remainder interests subject thereto. Included in the letter is a statement the tax on the remainder might be deferred until termination of the life estate and that the rate of the tax (10 per cent) would be the same. As stated, it is agreed this is the correct rate now.
The letter does not say the value or present worth of the remainder interests would remain constant if payment of the tax thereon were deferred until the life estate ended. Nor is there any showing appellants so construed the letter or relied upon such construction of it. The record in In re Estate of Wickham, supra, 241 Iowa 198, 40 N.W.2d 469, shows there was a letter quite similar to the one here. Evidently we did not feel the executor's argument based thereon was of sufficient merit to warrant comment in the opinion.
The trial court's decree is right and isaffirmed.
THOMPSON, J., takes no part.
OLIVER, J., not sitting.
All other justices concur.