Peggy HANEY and Michelle Jared, Personal Representatives of the Estate of Sylvia Kitchen, Deceased, Appellants,

v.

Eallen KITCHEN, Appellee.

No. 03–1522.

Supreme Court of Iowa.

Jan. 7, 2005.

Michael J. McCarthy of McCarthy, Lammers & Hines, Davenport, for appellants.

Rand S. Wonio and Troy A. Howell of Lane & Waterman, LLP, Davenport, for appellee.

WIGGINS, Justice.

The Estate of Sylvia Kitchen filed a claim against a previous executor, Eallen Kitchen, for Eallen's failure to file an amended inheritance tax return requesting a refund for overpayment of the inheritance tax. The district court concluded on the facts and circumstances of this case Eallen did not have a duty to make a claim for a refund. Because we conclude Eallen did not have a duty to file an amended return requesting a refund, we affirm its decision.

## I. Background Facts and Procedure.

After Sylvia Kitchen died on February 27, 1997, the probate court admitted her January 5, 1994 will to probate. Under the 1994 will, she left most of her estate to a niece, Janice Sanders, and her late-husband's nephew, Eallen, whom she named as executor. Under a prior 1993 will, which the 1994 will expressly revoked, the bulk of her estate went to Tod Haney and his wife, Peggy Haney.[1]

---

1. Tod Haney is the grandchild of Sylvia's late husband, Maynard. Maynard and Sylvia had

Shortly after the court admitted the 1994 will to probate, Tod Haney, Peggy Haney, Michelle Trotter, Colleen Clark, and Galen Clark (collectively known as the "Objectors") entered into an agreement to file a petition to set aside the 1994 will.[2] The Objectors agreed that if they were successful in their action to set aside the will, they would not probate the 1993 will and would instead divide the estate one half to the Haneys and one half to the remaining Objectors. The Objectors filed their petition in April 1997.

The inheritance tax return was due December 1, 1997. In February 1998, Eallen filed the Iowa inheritance tax return late and paid inheritance taxes of $97,994.[3] Of this total, $95,505 of the taxes was attributable to the shares of Eallen and Janice. In December 1999, a jury found the 1994 will was the product of Eallen's and Janice's undue influence. Therefore, the district court set aside the will. Eallen appealed. During the pendency of the appeal, Eallen posted a supersedeas bond.

On three occasions after the entry of the judgment on the jury verdict, the Objectors attempted to remove Eallen as the executor so they could file an amended inheritance tax return seeking a refund of the overpayment of taxes paid by Eallen under the 1994 will. The Objectors filed the first application in December 1999, which the district court denied in April 2000. The Objectors filed the second application in May 2000, which the district court also denied. In October 2001, the court of appeals affirmed the district court's judgment setting aside the 1994 will. Eallen filed a timely application for

further review with this court. In November 2001, the Objectors filed their third application to remove Eallen as executor. On January 4, 2002, before the district court ruled on the third application, this court denied Eallen's application for further review. Shortly after we denied the application, Eallen resigned as executor.

On January 24, the successor personal representatives of the estate filed an amended inheritance return, requesting a refund of $87,268.01.[4] The department of revenue rejected the refund request as being untimely. A claim for refund "that has not been filed with the department within three years after the tax payment upon which a refund or credit is claimed became due, or one year after the tax payment was made, whichever time is later" is untimely. Iowa Code § 450.94(3) (1997). The last day to file a claim for a refund would have been December 1, 2000, three years from December 1, 1997, the date the tax payment was due. The successor personal representatives unsuccessfully appealed the department's ruling.

In January 2002, the estate brought an equity action against Eallen requesting him to make restitution on an insurance policy. The estate amended its petition in June adding a count alleging Eallen "is liable and chargeable under section 633.160 of the Iowa Code for his neglect, unreasonable delay, and failure to file a claim for refund on an amended inheritance tax return." The estate made no other claims against Eallen in connection with the inheritance tax return.

Prior to trial, the parties settled the claim on the insurance policy. As to the

---

no children together but each had children by prior marriages.

**2.** Michelle Trotter, Colleen Clark, and Galen Clark are Sylvia's grandchildren.

**3.** Eallen incurred a substantial penalty for the late filing. The record indicates the estate did not pay the penalty.

**4.** The refund was for $61,804.54 in taxes and $25,463.47 in interest.

inheritance tax matter, the district court concluded Eallen did not have a duty to file either a claim for a refund or a protective claim, contingent upon losing his appeal. The district court based its conclusion on the premise the Objectors as the ultimate beneficiaries of the estate had an equal right or even a superior right to the executor to make a claim for a refund for any overpayment of the inheritance tax. Based on this conclusion, the district court dismissed the estate's claim concerning the inheritance tax matter. The Objectors appeal.

## II. Issue.

■ Did the executor of the estate breach his duty under Iowa Code section 633.160 for failing to file an amended inheritance tax return and claim a refund for the overpayment of taxes?

## III. Scope of Review.

Our review is de novo because the district court tried the matter in equity. Iowa R.App. P. 6.4; *see also In re Estate of Bliven*, 236 N.W.2d 366, 369 (Iowa 1975).

## IV. Analysis.

The liability of a fiduciary is set forth in section 633.160, which contains the following language:

> Every fiduciary shall be liable and chargeable in the fiduciary's accounts for neglect or unreasonable delay in collecting the credits or other assets of the estate or in selling, mortgaging or leasing the property of the estate; for neglect in paying over money or delivering property of the estate the fiduciary shall have in the fiduciary's hands; for failure to account for or to close the estate within the time provided by this Code; for any loss to the estate arising from the fiduciary's embezzlement or com-
> mingling of the assets of the estate with other property; for loss to the estate through self-dealing; for any loss to the estate arising from wrongful acts or omissions of any cofiduciaries which the fiduciary could have prevented by the exercise of ordinary care; and for any other negligent or willful act or nonfeasance in the fiduciary's administration of the estate by which loss to the estate arises.

Iowa Code § 633.160. The last two provisions of section 633.160 holding a fiduciary liable "for any loss to the estate arising from wrongful acts or omissions of any cofiduciaries which the fiduciary could have prevented by the exercise of ordinary care," or "for any other negligent or willful act or nonfeasance in the fiduciary's administration of the estate by which loss to the estate arises" are applicable to the estate's action against Eallen. Thus, if Eallen negligently or willfully failed to perform his tax responsibilities, the estate may hold him liable for any loss to the estate. To find Eallen was negligent or willful in the performance of his tax responsibilities, we must determine whether he breached his duty to the estate for failing to file the amended return under the facts and circumstances of this case. To determine whether Eallen had a duty to file the amended return, we must first examine the inheritance tax statutes and rules.

■ An inheritance tax is not a tax upon the estate of a decedent or upon property thereof but is a tax upon the right of succession and is chargeable upon property each beneficiary receives. *In re Millard's Estate*, 251 Iowa 1282, 1291, 105 N.W.2d 95, 101 (1960). The Iowa Code provides

> [a]ny person becoming beneficially entitled to any property or interest in property by any method of transfer as speci-

fied in this chapter, and all personal representatives and referees of estates or transfers taxable under this chapter, are respectively liable for all taxes to be paid by them respectively.

Iowa Code § 450.5. The personal representative has the primary obligation to pay the inheritance tax of the estate. *Id.* § 450.53.

The Code also provides the person liable for the tax has the responsibility for filing the inheritance tax return. *Id.* § 450.94(1). The department of revenue issued rules explaining the procedures for filing an inheritance tax return. *See* Iowa Admin.Code r. 701—86.2. The rules charge the personal representative of the estate with the primary obligation to file the inheritance tax return if the estate is probated. *Id.* r. 701—86.2(1)(*b* ). If, however, the personal representative fails to file the return, the department charges "those heirs, beneficiaries, transferees, surviving joint tenants, and trustees who receive shares in excess of the allowable exemptions" with the joint or several responsibility to file the return with the department. *Id.*

A refund for the overpayment of an inheritance tax is made by filing a claim with the department "within three years after the tax payment upon which a refund or credit is claimed became due, or one year after the tax payment was made, whichever time is later." Iowa Code § 450.94(3). The estate makes a claim for a refund by filing an amended return. Iowa Admin. Code r. 701—86.3(3). If the department denies the refund, the estate can file an appeal. *Id.* r. 701—86.4.

The 1994 will, which the district court admitted to probate and was the subject of the will contest, provided the testamentary scheme for the distribution of the assets of the estate until such time it was set aside by the court in the will contest. Although

a jury found the will to be a product of Eallen's undue influence in December 1999, Eallen individually and as executor together with Janice appealed the judgment entered on the verdict and posted a supersedeas bond. The supersedeas bond stayed the judgment of the lower court during the pendency of the appeal. Iowa R.App. P. 6.7(1). Until this court issued procedendo on January 16, 2002, the 1994 will remained the testamentary scheme of the estate.

The 1994 will named Objectors Tod Haney, Colleen Clark, and Galen Clark as beneficiaries and bequeathed each of them a specific bequest of $5000. Colleen and Galen Clark's bequests were not subject to inheritance tax because as Sylvia's grandchildren, they were entitled to a $15,000 individual exemption for inheritance tax purposes as lineal descendants of Sylvia. *See* Iowa Code § 450.9(4). On the other hand, Tod Haney's bequest was not subject to an exemption and was subject to inheritance tax because he was Sylvia's deceased husband's grandchild. *See id.* § 450.10(3).

Under the agreement entered into by the Objectors to contest the 1994 will, each objector, including Tod Haney, jointly agreed to pursue the action to set aside the will. The agreement stated the Haneys would be represented by different counsel than Michelle Trotter and the Clarks, with one half of the costs borne by the Haneys and the other one half of the costs borne by Trotter and the Clarks. The Objectors jointly filed a single petition to set aside the will. They jointly filed three applications to remove Eallen as executor. In the estate's brief on appeal, it does not argue that we should treat one objector differently than any other objector regarding the Objectors' rights and

responsibilities during the will contest.[5] Therefore, we treat the right of one objector to file an amended return as representing the rights and interests of all the Objectors.

On December 21, 1999, May 12, 2000, and November 20, 2001, the Objectors filed applications to remove Eallen as executor of the estate. In each application, the Objectors alleged Eallen refused to amend the inheritance tax return to request a refund after the verdict setting aside the 1994 will on the grounds of undue influence. The Objectors also noted in their applications that the Code required the amended return to be filed prior to the running of the statute of limitations on or before December 1, 2000.

When the Objectors requested Eallen to file an amended return, Eallen had the primary obligation to file the inheritance tax return under Iowa Code section 450.94(1). This included the obligation to file an amended return to seek a refund. When Eallen refused to file an amended return, a beneficiary who received a share of the estate in excess of the allowable exemption had the right to file the amended return. Iowa Admin. Code r. 701—86.2(1)(b). Therefore, Tod Haney, as a beneficiary who received a share of the estate in excess of the allowable exemption, had a right to file an amended return once Eallen refused to file an amended return. If Tod Haney filed an amended return, he could have done so prior to the running of the statute of limitations and protected the assets of the Estate for the benefit of all the Objectors.

The person filing an amended return is required to use the form "prescribed by the director of revenue." Iowa Code § 450.94(2). The approved form requires that the person who files the amended return to do so under penalty of perjury certifying the return and its schedules are true, correct, and complete. The amended return, which the Objectors requested Eallen to file, reflected a tax liability inconsistent with the testamentary scheme of the 1994 will. The Objectors requested Eallen file an amended return consistent with the Objectors' position in the litigation that was on appeal. Each time the Objectors requested Eallen to file an amended return, the Objectors, through Tod Haney, could have filed an amended tax return reflecting a tax liability consistent with the position the Objectors were taking in the litigation. If Tod Haney filed an amended return, he could have certified in good faith under penalty of perjury the amended return was true, correct, and complete. As long as the Objectors had a right to file an amended return on the form prescribed by the director of revenue and could do so in good faith, Eallen did not have a duty to file, certify under penalty of perjury, and defend an amended return reflecting a tax liability inconsistent with the position he was taking in the litigation.

For these reasons, we agree with the district court's conclusion that Eallen did not breach his duty under section 633.160 for his failure to file an amended return when requested to do so by the Objectors.

## V. DISPOSITION.

Because we agree with the district court that Eallen did not breach his duty under section 663.160 for failing to file the amended tax return, we affirm the decision of the district court.

**AFFIRMED.**

---

5. After Eallen resigned as executor, the objectors nominated the successor personal representatives of the estate.